## Taylor v. Parkhurst.

### In Error.

A. obtained a judgment against B. before a justice of the peace, on the 15th of June, 1839; on the 22d day of the same month, B. offered bail for an appeal, which the justice accepted; on the 22d day of July, 1839, this suit was withdrawn *by order* of A. and so entered in the docket of the justice, and notice of the withdrawment was served the same day on B. On the 29th day of the same month, B. obtained a transcript of the judgment, and his appeal therefrom, duly certified by the justice, which, however, he never filed in the Court of Common Pleas. On the 23d of July, the day after withdrawing his first suit, A. instituted a new suit against B. for the same cause of action, and obtained a second judgment, from which B. appealed to the Court of Common Pleas, where he pleaded the judgment in the first suit against him as a bar to the second action for the same cause, whereupon A. suffered a nonsuit. A. then sued out a scire facias on his first judgment, on the hearing of which, the justice rendered a judgment in his fa-

vour for the amount of the first judgment with interest. From this judgment B. appealed to the Court of Common Pleas, and pleaded the withdrawment of the suit by A. as a bar to all further proceedings therein against him. To this plea A. replied, that B. had pleaded the judgment in the first suit, on which the scire facias was sued out, as a bar to the second suit, and that B. was thereby estopped from denying its existence or validity. *Held*, that B. by pleading the judgment in the first suit, notwithstanding its withdrawment, as a bar to the second action, treated it as a judgment in full force, and was estopped from denying it afterwards, and not having shown on the trial that it was reversed, released, or paid in any way, A. was entitled to recover.

ERROR to the Court of Common Pleas of Tioga county.

In the court below, this was an appeal by Philip Taylor, the defendant below, from the judgment of a justice of the peace, on a scire facias issued at the suit of Joel Parkhurst, the plaintiff below, on a judgment obtained before the same justice in his favour, against the said Philip Taylor.

The material facts in the case are fully stated in the opinion of this court.

At the close of the trial, the president of the court (Conyngham) delivered the charge to the jury, which was excepted to by the counsel for the defendant. The concluding part of it only is now material, and was as follows:

" We, consequently, as there is no dispute about the facts, and no evidence of any payment on account of the judgment, direct you to render a verdict for the plaintiff, as in law we think him entitled to recover."

The jury found a verdict in conformity with the charge of the court, and the counsel of the defendant removed the record by writ of error to this court, where they assigned the following error:

The court erred in charging the jury, that the plaintiff was entitled to recover.

*Williston*, for plaintiff in error, contended, that there was a legal and valid appeal from the first judgment; that it would have been an act of folly on the part of the defendant, if he had filed the appeal after he had been informed by the justice that Parkhurst had withdrawn or discontinued the suit. That by the appeal the justice's jurisdiction over the action was terminated; he could not proceed further upon the judgment; he could not enforce the payment of it by execution. That by the appeal the judgment was opened, and that there was then no judgment to be withdrawn or discontinued. That the fact of Parkhurst having withdrawn his suit after he had obtained a judgment therein, would be, and was, a bar to another suit for the same cause of action.

*Knox* and *Maynard*, for defendant in error. It appears from the

record that the justice adjourned the first suit for his own convenience, without giving the parties notice of the day to which it was adjourned, and then gave judgment against defendant by default, from which defendant appealed on the 22d of June. The plaintiff being satisfied that it was improper for the justice to enter judgment by default against defendant, without notifying the defendant of the day to which the cause was adjourned; and having been apprised that defendant had taken an appeal, and wishing to avoid the consequences of that error of the justice, in case the appeal should be carried up, went to the office of the justice on the 22d day of July, one month after the appeal was taken, requested the justice' to enter on the docket, "the above suit withdrawn by order of the plaintiff;" and the first question is, what is the effect of this entry on the docket on the rights of the parties? At the time this entry was made, the justice had no jurisdiction over the cause whatever. Therefore it was not a *judicial* act of the justice, and could not, as such, prejudice either party. It was then the act of the party alone, who has acted mistakingly in supposing he could withdraw the *suit* after *judgment* and appeal *taken* by defendant. Withdrawing or discontinuing a suit, requires the permission of the court before which the cause is *pending*. The suit was not *pending* before the justice, because judgment had been entered and appeal taken. It was not *pending* in the Common Pleas, because the appeal had not then been entered there; but the jurisdiction of the justice was suspended until after the first day of the next term of the Common Pleas. During this interim the plaintiff brought a second suit for the same cause of action; the defendant pleads the first suit in bar, but the justice, supposing the first suit withdrawn, enters judgment against defendant, from which he also appeals, which is entered in the Common Pleas. The court will observe that the defendant has both transcripts at the same time, and could have *made* his appeal on both, if he chose, at the same term; but instead of filing the appeal in the first case, he prefers making his appeal in the second suit, and affirming the first judgment before the justice, which he does by pleading the first suit, and judgment in bar to a recovery in the second suit, and by so doing, the plaintiff contends, that the defendant is estopped from gainsaying the validity of the first judgment on this scire facias. Of this we think the defendant cannot complain, as he has twice had the privilege of having the cause tried on its merits.

The opinion of the court was delivered by KENNEDY, J.

This cause came by appeal into the court below from the judgment of a justice of the peace, rendered by him, in favour of the defendant

in error, against the plaintiff in error, on a scire facias sued out against the latter, upon a judgment in favour of the former, obtained on the 15th of June, 1839, for $82, besides the costs of suit. It appears that the plaintiff in error appealed, on the 22d of the same month, from the judgment, on which the scire facias in this case was sued out, to the Court of Common Pleas of the county. That after the plaintiff in error appealed, the defendant in error, on the 22d of July, directed the justice to make the following entry: "The above suit withdrawn by order of plaintiff this 22d day of July, A. D. 1839." Whereupon notice was issued from the justice, the same day, notifying the defendant of the withdrawal by the plaintiff, which was afterwards returned served by the constable. After this, the plaintiff in error obtained a transcript of the judgment, and his appeal therefrom, certified by the justice in due form, as if he intended filing it in the Prothonotary's office, on or before the first day of the next term of the Court of Common Pleas of the county, which was necessary if he intended prosecuting his appeal with effect. He, however, did not file it; by reason whereof his appeal became of no effect. But before the first of the next term came around, the defendant in error, on the 23d of July, 1839, the next day after he withdrew his suit before the justice, commenced a second action for the same cause, before the same justice of the peace, in which he obtained a second judgment against the plaintiff in error, from which the latter appealed to the Court of Common Pleas of the county, where he pleaded the judgment in the first action against him as a bar to the second action for the same cause; and that the judgment so obtained was and continued in full force and unreversed. That the defendant in error, not being willing to encounter this plea, took a nonsuit in his second action; after which he sued out the scire facias in this case, on his first judgment, from which the plaintiff in error appealed, but failed to prosecute it. The justice, in this case, rendered a judgment in favour of the defendant in error, against the plaintiff in error, for the amount of the first judgment with interest thereon, and the costs of the same. The plaintiff in error, after having brought this case into the court below by appeal from the judgment of the justice of the peace, pleaded the withdrawal of the original suit by the defendant in error, as a bar to all further proceeding therein by him. The defendant in error, in reply thereto, alleged, that the plaintiff in error had pleaded the judgment, on which the scire facias was sued out in this case, as a bar to the second suit, brought against him by the defendant in error for the same cause, averring it to be in full force, and that he was therefore estopped from denying the existence, validity, or force of it, and was, consequently, bound to

pay it, unless he would show that it was paid, which was not pretended. The court below took this view of the case, and accordingly instructed the jury that the plaintiff there was entitled to recover. To this instruction of the court, the counsel of the defendant below excepted, and have assigned it here for error. It is unnecessary to say what would have been the effect of the defendant in error's withdrawal of the original suit in this case before the justice of the peace; whether it would have amounted to a retraxit or not, if the plaintiff in error had considered and pleaded it as such, in the second action brought against him for the same cause. But instead of doing this, he seems to have considered the judgment rendered therein as being still in full force, notwithstanding the withdrawal, and certainly treated it so by pleading it as such in bar to the second action. Having thus pleaded it as a judgment in full force, he thereby estopped himself from denying it afterwards; and not having shown in the trial, that it was reversed, released, paid, or in any way satisfied, we think the court below charged the jury correctly in telling them that the defendant in error was entitled to recover.

The judgment is therefore affirmed.