163      65
25 SC ¹371

## Mary Fitzpatrick v. John B. Riley, Appellant.

*Practice—Pleading—Plea in abatement—Lis pendens.*

Plaintiff brought an action of trespass to recover damages for the death of her husband. The writ was returned nihil habet. A year after the cause of action had accrued she brought a second action. When the case was called for trial the court entered a nonsuit on the ground that the action was barred by the statute. She then issued an alias summons in the first action which was returned "served." Defendant filed a plea to the effect that the judgment in the second suit was conclusive upon plaintiff. Upon application of plaintiff the judgment of nonsuit in the second action was taken off, the costs paid, and the suit discontinued. The court then overruled the plea filed in the first suit. *Held*, (1) that the action of the court in taking off the nonsuit was a matter within its discretion; (2) that the issuing of a new original writ in a second action instead of an alias in the first action was not equivalent to a discontinuance of the first action; (3) that a compulsory nonsuit under the statute after plaintiff's evidence is all in, is not a bar to another action.

It seems in such a case that as the costs of nonsuit had not been paid, the plea to the alias in the first action was a good plea of lis pendens, and the court might well have refused to take off the nonsuit, and abated the action on the alias.

VOL. CLXIII—5

*Evidence—Bribing witness—Credibility.*

In an action of trespass it is not error to permit a witness for defendant to be asked whether he did not give money to a witness for plaintiff in consideration of his promise to go away and not testify. The question tended to show the witness's interest or bias in the case, and therefore his credibility.

*Negligence—Question for jury—Master and servant.*

In an action by a widow to recover damages for the death of her husband, it appeared that deceased was in defendant's employ, and was killed while engaged in lowering a mast or derrick. Plaintiff's principal witness testified that a sheave and iron pin fell from the mast as it was being lowered, and that the pin struck deceased; that he had seen the sheave and pin in the mast two weeks before the accident, and that they had not been properly fastened according to the usual manner of fastening such articles. Another witness for plaintiff also testified that he saw the pin strike the deceased. Defendant's witnesses testified that there was no sheave or pin in the mast at the time of the accident, but that they had been placed there four months after the accident. *Held*, that the case was for the jury.

Argued March 26, 1894. Appeal, No. 264, Jan. T., 1894, by defendant, John B. Riley, from judgment of C. P. No. 3, Philadelphia Co., March T., 1890, No. 132, on verdict for plaintiff, Mary Fitzpatrick. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for death of husband. Before GORDON, J.

From the record it appeared that plaintiff's husband, Martin Fitzpatrick, died Feb. 25, 1890, from injuries resulting from an accident which occurred Feb. 12, 1890, while he was engaged in defendant's employ in lowering a derrick or mast.

On April 5, 1890, plaintiff issued a summons in trespass which was returned nihil habet. On July 16, 1891, she began a second action in trespass in the same court. Defendant pleaded not guilty, and when the case was called for trial a verdict was rendered for plaintiff. The court subsequently granted a new trial, and when the case was called, entered a nonsuit on the ground that the action was barred by the statute as it had not been brought within a year from the time the cause of action had accrued. Plaintiff then issued an alias summons in her first action which was returned "served." Defendant filed the following plea:

"The defendant, John B. Riley, comes and says that the

plaintiff ought not to further have and maintain her said action, and the writ should be abated, because he says that, heretofore in the Court of Common Pleas of Philadelphia county, No. 3, to June Term, 1891, No. 546, the said Mary Fitzpatrick brought an action against this defendant and caused a writ in trespass to be therein issued, and the matter so proceeded that an issue was framed upon the claim set up in the present action, and thereafter a jury was called, and it being then and there made to appear to the court that the action had not been brought within a year of the date of the death of Martin Fitzpatrick, judgment of nonsuit was entered; by which said last mentioned action the plaintiff elected to proceed to a final determination of the cause and to abandon the proceeding instituted under the writ first hereinabove pleaded; and this cause proceeds under an alias writ issued in the first mentioned action, to which alias writ the plaintiff is not entitled by reason of the later action by her instituted as aforesaid. Wherefore the defendant prays judgment, etc."

After the above plea was filed the court, on plaintiff's application, took off the judgment of nonsuit in the second action. Plaintiff paid the costs in that action and the suit was discontinued. The court then overruled the plea filed in the first suit. Defendant then entered a plea of not guilty.

At the trial John Travers, a witness for plaintiff, testified that he had worked about the derrick for several months before the accident; that there were a sheave and pin in the hole in the mast, that he saw them fall out at the time of the accident, when the bottom of the mast was lifted from the heel-block, and that the sheave fell into water and the iron pin struck Fitzpatrick; that he had seen the sheave and pin in the mast about two weeks before the accident, when in a row-boat on the river, and that a similar accident had happened a short time before to Mr. Riley's derrick on the other side of the river.

John Welsh, another witness to the accident, testified that he knew nothing about rigging at all and that he had no knowledge before the accident of the fact that the sheave and pin were in the mast, but that he saw a pin fall and hit Fitzpatrick on the head.

Travers testified that the sheave and pin had not been prop-

erly fastened in the mast; that after the accident he examined
the mast and found that there had been no batten over the
hole through which the pin protruded, to hold it in its place,
and that there had been no key through the pin to hold it,
which was the proper and usual appliance in such case.   Four
witnesses for defendant testified that there was no sheave or
pin in the mast at the time of the accident, and that it was
three or four months afterwards before a sheave and pin had
been put in it.

A witness for defendant testified that on the day of the ac-
cident Travers told him that the deceased was killed by a nut
which had fallen and struck him on the head.

[John W. Keyser, a witness for defendant, was asked on cross-
examination: " Did you hand Mr. Travers any money in consid-
eration of his promise to go away and not testify ? "   Objected
to, objection overruled and bill sealed.   " A. Yes, sir."] [2]
" Did Mr. Riley ask you to go see Mr. Travers ? "   Objected
to, objection sustained.

Defendant's request for binding instruction was refused. [3]

Verdict and judgment for plaintiff for $3,500.

*Errors assigned* were (1) striking off special plea; (2) rul-
ing; (3) instructions; quoting instructions and question and
answer, but not bill of exception.

*Albert D. Wiler* and *Wm. W. Wiltbank,* for appellant.—It
was error to strike off defendant's plea: Act of May 25, 1887,
P. L. 271; Bl. Com. 396; McCann v. Hoise, 1 Lackawanna
L. R. 19; Act of April 26, 1855, § 2, P. L. 58; Gould v. Craw-
ford, 2 Pa. 89; Hibbs v. Blair, 14 Pa. 413; Lawver v. Walls,
17 Pa. 75; Vought v. Sober, 73 Pa. 49.

The commission of a misdemeanor by tampering with a wit-
ness would render a witness incompetent, but such commission
would have to be proved by the record of a competent court,
hence the question was improper if it was designed, as counsel
argued to the jury, to prove incompetency to testify in the wit-
ness Keyser: Greenl. Ev. §§ 373, 375.

The jury should have been instructed to find for defendant:
Ford v. Anderson, 139 Pa. 261; Simpson v. Locomotive Works,
139 Pa. 245; Melchert v. Brewing Co., 140 Pa. 448; Kehler v.

Schwenk, 144 Pa. 348; Reese v. Clark, 146 Pa. 465; Mensch v. R. R., 150 Pa. 598; Lineoski v. Coal Co., 157 Pa. 153.

*D. Webster Dougherty*, for appellee.—The special plea filed by defendant was not permissible under the new procedure act: Act of May 25, 1887, P. L. 272; 1 Chit. Pl. 462; Steiner v. Gower, 3 W. & S. 136; Haws v. Tiernan, 53 Pa. 192; Carmony v. Hoober, 5 Pa. 305; Fleming v. Ins. Co., 12 Pa. 391; Fries v. R. R., 97 Pa. 142.

The issue of an alias in the present case was entirely proper. The act does not say that the writ shall be served within one year, but that the action shall be brought within the year: Ins. Co. v. Haws, 20 W. N. 370.

If Keyser had offered Travers any money to go away and not testify, surely such a fact went to his credibility. Travers, under defendant's objection, was not permitted to testify as to what defendant said or did in this connection, but it was entirely proper that the witness himself should be asked this most material question.

The question of defendant's negligence was properly submitted: Huber v. R. R., 128 Pa. 63; Trainor v. R. R., 137 Pa. 148; R. R. v. Hughes, 119 Pa. 312; Bucklin v. Davidson, 154 Pa. 362; Lerch v. Bard, 153 Pa. 573.

In Mensch v. R. R., 150 Pa. 598, the accident happened, not from the failure to supply the proper appliances or from the original defect, but from a defect caused by wear and tear.

Lineoski v. Coal Co., 157 Pa. 153, involved the negligence of a fellow servant, and therefore has no bearing on the case at bar.

OPINION BY MR. JUSTICE MITCHELL, July 12, 1894:

It was bad practice and a hardship on defendant for plaintiff after bringing a second action and proceeding to trial and compulsory nonsuit, to go back to his first action by an alias summons therein. The costs of the nonsuit not having been paid, the plea in abatement to the alias in the first action was a good plea of lis pendens, and the court might well have refused to take off the nonsuit, and abated the action on the alias. But that was a matter within its discretion, and the nonsuit having been taken off, and the suit discontinued, and costs paid, there was no error in overruling the plea in abatement.

The issue of a new original instead of an alias in the first action was not equivalent to a discontinuance of the latter, as appellant argues. It could have no other force than of a second action begun while the first was pending. The real hardship to defendant is in treating a compulsory nonsuit under the statute after plaintiff's evidence is all in, as an ordinary nonsuit and not as a demurrer to evidence, which it really is, and which ought to be a bar to another action. But the practice in this respect is firmly settled: Bournonville v. Goodall, 10 Pa. 133.

The question to the witness Keyser had an apparent propriety as going to show his interest or bias in the case, and therefore his credibility. When it was sought to make the defendant responsible for the witness's conduct the defendant's objection was sustained. If, after this, any improper comment was made by counsel upon the testimony it was for the court below, not for us, to correct.

The third assignment of error is really the pinch of the case. The evidence of defendant's negligence was weak, but it could not be taken from the jury. One witness swore positively to facts which tended to show negligence, and however much he contradicted himself at the two trials, and however improbable his story, his credibility was for the jury. The learned judge left it to them, with a pretty strong intimation of their duty to scrutinize it carefully. He would not have been justified in giving them a binding direction to disregard it.

Judgment affirmed.