# Bliss *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Passenger—Jolt of car—Evidence —Case for jury.*

In an action by a passenger against a street railway company to recover damages for personal injuries, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where the evidence establishes the fact that the accident was caused by a jolt due to the abrupt stopping of the car, and sufficiently described by the use of general terms in the evidence, as to the effect on the passengers.

*Practice, C. P.—Res judicata—Compulsory nonsuit—Effect of.*

While it is true that a compulsory nonsuit after the presentation of the plaintiff's case has the effect of a judgment for the defendant on a demurrer to the evidence, to the extent that it puts the plaintiff out of court, its legal effect is entirely different. No judgment is entered on the merits of the case. It is not contended that the court in such procedure could enter judgment for the defendant or against the plaintiff. No appeal is allowed, under the statute, from the action of the court in granting such nonsuit. The right of appeal arises when the court refuses to take off the nonsuit, and it is the judgment of the court on the latter question which the plaintiff may have reviewed. If the defendant desires to test the sufficiency of the plaintiff's case on the merits, he should demur to the evidence and thereby raise an issue, on which the judgment of the court

could be taken but, if he seeks to avoid the risk of such a course and only asks for a nonsuit, he is not left in a situation to object to a second action on the same cause.

Argued October 10, 1919.  Appeal, Nos. 185 and 186, October T., 1919, by defendant, from judgment of Municipal Court of Philadelphia, April T., 1918, No. 581, on verdict for plaintiff in the case of Henry S. Bliss, by his mother and next friend, Elizabeth R. Bliss, and Elizabeth R. Bliss, in her own right, v. Philadelphia Rapid Transit Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of the plaintiff, Henry S. Bliss, in the sum of $500 and Elizabeth R. Bliss in the sum of $38, and judgment thereon.  Defendant appealed.

*Errors assigned,* among others, were refusal of defendant's motion for judgment non obstante veredicto and refusal to admit in evidence the record of a former trial of a suit between the same parties for the purpose of establishing res judicata.

*Layton M. Sehoch,* for appellant.—The matter is res judicata: Ordway v. Boston & Maine R. R., 69 N. H. 429.

*Daniel G. Murphy,* and with him *Isaac D. Levy,* for appellee, cited: Fitzpatrick v. Riley, 163 Pa. 65; Bournonville v. Goodall, 10 Pa. 133; Feming v. Insurance Company, 6 Pa. Law Journal 373.

OPINION BY HENDERSON, J., December 8, 1919:

The appellant contends (1) that the plaintiff's evidence did not disclose a cause of action and (2) that the

action was barred because the plaintiff had brought suit on the same state of facts in the Court of Common Pleas No. 1, of Philadelphia County, where a nonsuit was directed by the court at the close of the plaintiff's evidence on motion of the defendant's counsel. The action was brought for damages for an injury received by the plaintiff when, as alleged in the declaration, he was thrown from the car in which he was a passenger because the car was operated in a violent, jolting, jerking and irregular manner, as a result of which he sustained the injuries set forth in the statement. It was not controverted that the plaintiff fell from the car. Miss Wiedemer, a witness called for the plaintiff, testified that he signalled the conductor to stop at the crossing which the car was approaching, that the car slowed down and in settling "it gave a sudden and violent, unusual jerk which threw me back in the seat"; that she looked and saw the plaintiff being thrown out of the car. The witness described the action of the car as "an extraordinary jerk such as I think would have been apt to throw anybody over...... it threw me back violently against the seat like when you hit anything with a jerk." The plaintiff was rendered unconscious by the fall and testified that the occurrence was so sudden that he could not recall what had happened. The defense offered was that the plaintiff's foot slipped while he was standing preparatory to alighting and that there was not such an unusual and sudden movement of the car as was described by Miss Wiedemer. The testimony for the plaintiff brings the case within the rule stated in Tilton v. Philadelphia Rapid Transit Company, 231 Pa. 63; Sanson v. Philadelphia Rapid Transit Company, 239 Pa. 505; and Kleine v. Pittsburgh Ry. Co., 252 Pa. 214. If the testimony of the plaintiff's witness is credible the facts stated by her would support a charge of negligent management of the car by the defendant's servant. There is nothing on the face of the evidence to discredit this witness and the case was necessarily one for the jury on the question of negli-

gence. The evidence takes the case out of the class where the irregular action of the car was such as is liable to occur in its ordinary operation. The start was said to be sudden, violent, unusual and extraordinary. It not only threw the plaintiff from the car but threw the witness violently back against the seat. An effort was made to show that she had testified in somewhat different language at the first trial but this was not made to satisfactorily appear and, even if a variance had been shown, the jury must determine what part of the evidence was to be believed.

The defendant offered to prove that the same cause of action had been set up in the Court of Common Pleas, No. 1, of Philadelphia, where a compulsory nonsuit was granted at the close of the plaintiff's testimony; this for the purpose of showing that the subject was res adjudicata. An extended argument is presented by the appellants in support of the proposition that a compulsory nonsuit has the legal effect of a judgment on a demurrer to evidence and that the plaintiff is, therefore, precluded from prosecuting a second action on the same state of facts. We are unable to accept the view of the proposition entertained by the learned counsel for the appellant. The doctrine declared in Bournonville v. Goodall, 10 Pa. 133, and reaffirmed in Fitzpatrick v. Riley, 163 Pa. 65, has not been disturbed by later adjudications. It is held by the Supreme Court of the United States in Manhattan Life Insurance Co. v. Broughton, 109 U. S. 121; Gardner v. Michigan Central R. R. Co., 150 U. S. 349, and with general uniformity so far as our examination has extended in the various states where the question has been raised with the exception of the state of New Hampshire where Ordway v. Boston and Maine R. R., 69 N. H. 429, announces the contrary doctrine. While it is true that a compulsory nonsuit after the presentation of the plaintiff's case has the effect of a judgment for the defendant on a demurrer to the evidence to the extent that it puts the plaintiff out of court,

its legal effect is entirely different.    No judgment is entered on the merits of the case.    It is not contended that the court in such procedure could enter judgment for the defendant or against the plaintiff.    No appeal is allowed, under the statute, from the action of the court in granting such nonsuit.    The right of appeal arises when the court refuses to take off the nonsuit and it is the judgment of the court on the latter question which the plaintiff may have reviewed.    If the defendant desires to test the sufficiency of the plaintiff's case on the merits he should demur to the evidence and thereby raise an issue on which the judgment of the court could be taken but, if he seeks to avoid the risk of such a course and only asks for a nonsuit, when that order is granted, he is not left in a situation to object to a second action on the same cause.

The judgment is affirmed.