## Standard Engineering and Lubricating Co. v. Ryder's Dairy.

*Hyman Goldstein,* for plaintiff; *John D. Faller,* for defendant.

BIDDLE, P. J., April 17, 1928.—The plaintiff in this action brought suit against the defendant before J. L. Boyer, justice of the peace, to recover an alleged balance due it. On Nov. 15, 1926, the justice entered judgment in favor of the defendant and against the plaintiff for the sum of $96 and costs. From this judgment the plaintiff took an appeal, which was filed to the above number and term on Nov. 27, 1926; and on the same date the plaintiff's statement of claim was filed. On Jan. 24, 1927, at the instance of the defendant, a rule was granted upon the plaintiff to give security for costs; and on Feb. 10, 1927, a bond to secure the costs was entered by the plaintiff. On March 19, 1927, the defendant presented its petition, setting out that the plaintiff had previously brought an action against the same defendant before

Justice Boyer on the same cause of action, and that in that proceeding the justice had rendered judgment in favor of the plaintiff for the amount of its claim with costs; that the defendant appealed from the judgment of the justice in the prior suit and filed the transcript to No. 30, September Term, 1926; that to that number and term a rule was taken by the defendant on the plaintiff to enter security for costs, and that the plaintiff, failing to comply with the rule, had a judgment of non-suit entered against it; that, subsequently, the plaintiff's attorney, Hyman Goldstein, Esq., marked the case discontinued. Contending that the discontinuance by the plaintiff entered to No. 30, September Term, 1926, amounted to a *retraxit* and was a bar to the second action brought by the plaintiff against the defendant on the same cause of action, the defendant moved the court to strike off the appeal taken by the plaintiff to No. 234, December Term, 1926. On March 19th, a rule to show cause why the appeal should not be stricken off was granted as prayed for. To this rule an answer was filed by the plaintiff, admitting the facts alleged in the petition but denying that the proceeding to No. 30, September Term, 1926, amounted to a *retraxit* or constituted a bar to the bringing of the present action, and contending that its appeal should, therefore, not be stricken off. The costs of the proceeding to No. 30, September Term, 1926, had been paid prior to the institution of the second action before the justice of the peace. No depositions were taken, and the matter comes before us for disposition on petition, rule and answer.

It may be doubted whether the court would be justified in striking off an appeal regular upon its face for matters outside the record and whether the remedy of the defendant should not have been to raise the matter suggested in the petition in her affidavit of defense. But, as we think that, for other reasons, the pending rule cannot be sustained, we will dispose of it on its merits without regard to any question as to the propriety of the procedure adopted.

The judgment entered against the plaintiff to No. 30, September Term, 1926, was merely a judgment of non-suit under our rules of court; and this did not in any manner affect the merits of the case between the parties, and such judgment of itself would not be sufficient to prevent a subsequent suit on the same cause of action: Fitzpatrick *v.* Riley, 163 Pa. 65; Bliss *v.* Philadelphia R. T. Co., 73 Pa. Superior Ct. 173.

It is contended, however, that the entry of the discontinuance by the plaintiff after the entry of judgment against it was the equivalent of a *retraxit*. In view of the fact that the judgment of non-suit entered was against the plaintiff and not in its favor, we are unable to see what standing the plaintiff had at that time to discontinue the action any more than the defendant would have the right to discontinue had a final judgment been entered against her. As we view it, the most that the plaintiff could have done after the entry of judgment of non-suit was to ask the court to open that judgment after permitting the plaintiff to pay the costs and to give security for the costs that might accrue in the future; but, even if the plaintiff might of itself take the action that was taken in this case, we do not think that it can be considered as a *retraxit*. It should be noted that the appeal from the decision of the justice in this case was that of the defendant, not that of the plaintiff; and, as was said by the Supreme Court of this State under similar conditions: "The defendant in the judgment of the justice appealed therefrom. During the pendency of that appeal, the judgment was superseded. The case was an action pending. Thereupon the plaintiff, by discontinuing his action, not only put the case out of the Common Pleas, but left no judgment before the justice:" Township *v.*

Gordner, 109 Pa. 116; Lamson Store Service Co. v. Lavin, 13 Dist. R. 273; Walentovic v. Jakovac, 74 Pitts. L. J. 640.

It has been held also by the appellate courts of this State that a technical *retraxit*, which is almost unknown in our practice, only exists where the plaintiff comes personally into court, and that a proceeding by an attorney will not have the same effect: Lowry v. McMillan, 8 Pa. 157.

The cases cited by the learned counsel for the defendant in his brief, if examined carefully, do not conflict with the views expressed above. In the case of Taylor v. Parkhurst, 1 Pa. 197, the court expressly avoided any determination of the suggestion that. a discontinuance of a proceeding not in the Common Pleas but before a justice of the peace after judgment by the justice amounted to a *retraxit*. In the case of Rose v. Turnpike Co., 3 Watts, 46, where the plaintiff had appealed from the decision of the justice and then discontinued his appeal in the Common Pleas, it was held that this made the decision of the justice on the merits conclusive as to the matters litigated before him. But the distinction there is that it was the plaintiff who appealed from the decision of the justice and who discontinued his appeal, which had the effect of allowing the decision of the justice to stand as if unappealed from; and, as was said in Beynon v. Peterson, 7 Kulp, 259, as long as the judgment stands not reversed, it is a bar to a second suit for the same cause of action. And one of the cases cited by the defendant in support of his contention, namely, Gibson v. Gibson, 20 Pa. 9, held that a discontinuance means no more than a declaration of the plaintiff's willingness to stop the pending action, and does not constitute a bar to a second suit.

It may also be noted that in the former action the justice entered a judgment in favor of the plaintiff, while in the second he not only refused to find in favor of the plaintiff, but entered a judgment against the plaintiff for $96 and costs. Even if the plaintiff could no longer assert its claim against the defendant, it surely would not be compelled to accept an adverse decision on the defendant's counter-claim; and the appeal would have to be sustained to permit the plaintiff to dispute that.

And now, April 17, 1928, the rule to show cause why the appeal in this case should not be stricken off is dismissed, at the cost of the defendant.

From Francis B. Sellers, Carlisle, Pa.