## Regal Building & Loan Association v. Baron

*H. Eugene Gardner*, for plaintiff; *Henry I. Fox*, for defendant.

KNIGHT, P. J., February 9, 1934.—This is an unusual case in the courts of Montgomery County, and hence a brief resumé should be given showing the background of the present motion.

Judgment was entered against the defendant by confession contained in a bond. This judgment was opened and the defendant let into a defense. An issue was framed and approved by the court. In this issue, Regal Building & Loan

Association was the plaintiff and Samuel Baron the defendant. The case then appeared on the trial list several times and was continued upon application of counsel for the plaintiff. On the trial list for the third week of January 1934, the case appeared as no. 22, listed for trial on Monday, January 15, 1934.

At the preliminary call of the list on Friday, January 12, 1934, counsel for the plaintiff applied for a continuance, on the ground that one of his important witnesses was sick. The application was opposed, and the court informed counsel for the plaintiff that he would have to produce evidence of the sickness of his witness if he wished the case continued. No evidence was produced.

On Monday morning, by reason of settlements and continuances, the instant case was reached at 10:30 a. m. and assigned to Room A for trial. Neither the plaintiff or his counsel was in court. The case was then passed, although counsel for the defendant was ready and anxious to proceed. At 11 a. m., the case was again reached, in Room C. The trial judge caused the name of the plaintiff to be called in the courtroom and corridors, and when no one appeared granted a compulsory nonsuit, upon motion of the defendant, at about 11:05 a. m. At some time before the noon recess, at 1 p. m., counsel for the plaintiff appeared.

The plaintiff then presented a petition and motion to take off the nonsuit. An answer was filed by the defendant, and for our present purpose we must accept the averments of the answer as true.

Under our rules of court, a printed trial list, showing the cases listed for trial, is prepared by the prothonotary 2 weeks before the trial week. Thus counsel and the parties know, or should know, just when their causes are listed for trial. Both sides as well as the court have a right to expect that a case will be ready when reached, unless it has been previously continued.

In the petition supporting the motion to take off the nonsuit, counsel for the plaintiff avers that he was ready for trial and that his witnesses were in the courthouse, but that he was delayed because he could not get his automobile started. That automobiles are temperamental, especially in cold weather, is a fact well known, and counsel should have made a time allowance for such a contingency.

The defendant was clearly within his rights in demanding a compulsory nonsuit: Talerico v. Snyder, 22 Schuyl. 191; Walter v. Jones, 27 Dist. R. 444; and under all the circumstances we do not feel justified in removing it.

Counsel for the plaintiff denies the right of the court to enter the nonsuit, citing the Act of March 18, 1909, P. L. 35, and the rules of court of Montgomery County.

The Act of 1909 prohibits the court from entering a nonsuit, of its own motion, by reason of the fact that the attorneys of record have failed to appear when the case is called for trial. Here, the nonsuit was entered upon the motion of the defendant, who did appear. The Act of 1909 does not apply to this case.

Rule 24 of the Rules of Court of Montgomery County, provides: "All motions made or rules obtained, shall be in writing". It is manifest that this rule does not apply to motions made in open court during the trial or disposition of a case called for trial. If it were required that all motions to strike out testimony, to withdraw a juror, to continue a case, and so forth, be in writing, the rule would be oppressive and unworkable.

The defendant here has rights which must be considered. He was in court, ready to defend the action, when it was called for trial. He insisted on his rights, and we are of the opinion that he is entitled to retain the advantage he gained by his adversary's failure to appear. We take this view more readily, because the entry of this nonsuit will not prevent the plaintiff from instituting another suit, for the same cause of action, namely, on the bond, for the

statute of limitations has not expired: Patton, Pennsylvania Common Pleas Practice (2d ed.), 510; Fitzpatrick v. Riley, 163 Pa. 65; Bournonville v. Goodall, 10 Pa. 133; Bliss v. P. R. T. Co., 73 Pa. Superior Ct. 173; Cleary v. Quaker City Cab Co. et al., 285 Pa. 241; Fine v. Soifer, 288 Pa. 164.

It would appear that all the plaintiff loses is the cost of this suit, and these, under the circumstances, it should lose.

And now, February 9, 1934, the motion to take off the nonsuit is overruled. An exception is granted the plaintiff.

From Aaron S. Swartz, Jr., Norristown, Pa.