## Thompson v. Nelson et ux.

*John F. Gloeckner, Vernon Hazzard,* and *John A. McGlade,* for plaintiff.
*C. O. Devore,* for defendants.

GIBSON, J., August 25, 1934.—On May 27, 1933, Gladys Kelly brought her suit against Joseph Nelson and Katie Nelson, his wife, at no. 150, August term, 1933, claiming damages for an alleged negligence in the maintenance of a stairway in a building owned by the defendants, in which the plaintiff was a tenant. Upon the trial of this case, the plaintiff having completed her evidence, a motion was made on behalf of the defendants for a compulsory nonsuit. Before the determination of this motion, plaintiff's counsel, evidently recognizing the weakness of her case, took a voluntary nonsuit. Whereupon, certain costs were taxed on behalf of the defendants, including a witness bill of $66.60. On April 30, 1934, the plaintiff, who has since married and whose name is now Gladys Kelly Thompson, filed her petition, to the same number and term, for leave to bring suit for the same cause of action without paying the costs in advance to the prothonotary for the issuance of the summons or to the sheriff for service of the summons, alleging that she is without funds to bring her action and will be deprived of her rights if she is required to pay the costs in advance. An answer to this petition sets forth that the costs on the former proceeding are unpaid and that to allow the plaintiff to bring the second suit without paying the costs on the former, would be equivalent to lifting or setting aside the voluntary nonsuit.

"When a plaintiff suffers a voluntary nonsuit without qualification he is out of court and there is no way provided by law for his return except by bringing a new action": 1 Troubat & Haly's Practice (6th ed.) 925. The taking of a voluntary nonsuit will not bar another action for the same cause: Fitzpatrick v. Riley, 163 Pa. 65; but the plaintiff must first pay the costs in the former action, and if she attempts to do otherwise, the proceedings can be stayed: Zimmerman v. Kuebler, 9 Pa. C. C. 128. The costs of the nonsuit not having been paid, it is clear that the parties have no right to bring a new action: Fitzpatrick v. Riley, supra.

Until the costs are paid in the previous suit and a right to lawfully bring an action exists, it is unnecessary to pass upon the sufficiency of plaintiff's petition and determine whether or not her poverty prevents her from proceeding to recover what is justly due. For the reasons given, her petition must be refused.

And now, August 25, 1934, permission to Gladys Kelly Thompson to bring an action against Joseph Nelson and Katie Nelson, his wife, without paying the costs in advance to the prothonotary for the issuance of the summons or to the sheriff for the service of the summons, is refused without prejudice to her right to file a petition for such permission after the costs already accrued at no. 150, August term, 1933, of this court, have been paid.