## Shenberger v. Western Maryland Railway

*Swope, Brown & Swope,* for plaintiff.
*Keith, Bigham & Markley,* for defendant.

SHEELY, P. J., July 14, 1951.—Plaintiff filed his complaint in trespass claiming compensation from defendant for damages alleged to have been incurred as a result of a grade crossing accident. Defendant filed preliminary objections to the complaint alleging that plaintiff had previously brought an action against defendant in the Court of Common Pleas of York County upon the same cause of action and that a trial in that court resulted in a compulsory nonsuit being entered. It is alleged: (1) That the former action remains pending since no motion has been filed to take off the nonsuit, and (2) that the bringing of the present action in this court subsequent to the entry of the compulsory nonsuit in the York County action was in violation of Pa. R. C. P. 231(*b*). Attached to the preliminary objections is an exemplified record of the York County action, and the objections were endorsed with a notice to plaintiff to file an answer thereto. No answer was filed and we may, for present purposes, accept the alleged facts as true.

The record of the York County action shows that the nonsuit was entered on February 7, 1951, and that on February 13, 1951, plaintiff filed a petition for "clarification of time within which, and conditions under which, motion to take off compulsory nonsuit may be filed and for completion of record of trial and notes

of testimony thereof". The petition was ordered filed and the notes of testimony transcribed. The following day plaintiff filed a petition for leave to withdraw the previous petition and an order was entered accordingly. The record was certified on February 19, 1951.

The practice in Pennsylvania, prior to the adoption of the Rules of Civil Procedure, has always permitted a plaintiff against whom a compulsory nonsuit has been entered to elect whether to move to take off the nonsuit or to pay the costs of the original proceeding and institute a new action upon the same cause of action: Bournonville v. Goodall, 10 Pa. 133, 134 (1848); Fitzpatrick v. Riley, 163 Pa. 65, 70 (1894); Bliss v. P. R. T. Co., 73 Pa. Superior Ct. 173 (1919); Cleary v. Quaker City Cab Co. et al., 285 Pa. 241, 249 (1926); Fine v. Soifer, 288 Pa. 164 (1927); Dellacasse et al. v. Floyd et al., 332 Pa. 218, 223 (1938).

In Bliss v. Philadelphia Rapid Transit Company, it was said:

"While it is true that a compulsory nonsuit after the presentation of the plaintiff's case has the effect of a judgment for the defendant on a demurrer to the evidence to the extent that it puts the plaintiff out of court, its legal effect is entirely different. No judgment is entered on the merits of the case. It is not contended that the court in such procedure could enter judgment for the defendant or against the plaintiff. . . . If the defendant desires to test the sufficiency of the plaintiff's case on the merits he should demur to the evidence and thereby raise an issue on which the judgment of the court could be taken but, if he seeks to avoid the risk of such a course and only asks for a nonsuit, when that order is granted, he is not left in a situation to object to a second action on the same cause."

If plaintiff moved to set aside, or take off, the nonsuit and the motion was refused, the order or judgment refusing the motion, unappealed from, operated

conclusively to terminate the right of action: Fine v. Soifer, 288 Pa. 164 (1927) ; Dellacasse et al. v. Floyd et al., 332 Pa. 218, 223 (1938).

Pennsylvania R. C. P. 231 (*b*) provides that after the entry of a compulsory nonsuit plaintiff may not commence a second action upon the same cause of action. This rule changes the prior practice and gives to the compulsory nonsuit the attribute of finality and constitutes it a bar to another proceeding for the same cause. It adopts what Justice Mitchell, in Fitzpatrick v. Riley, 163 Pa. 65, 70 (1894), indicated the law should be. He there said:

"The real hardship to defendant is in treating a compulsory nonsuit under the statute after plaintiff's evidence is all in, as an ordinary nonsuit and not as a demurrer to evidence, which it really is, and which ought to be a bar to another action. But the practice in this respect is firmly settled . . ."

Thus the effect of Pa. R. C. P. 231 (*b*) is to treat the entry of a compulsory nonsuit as a judgment for defendant on a demurrer to the evidence, except that upon the refusal of a motion for a nonsuit the court cannot enter judgment against defendant. (Under the Act of June 5, 1937, P. L. 1703, 19 PS §481, a demurrer to the evidence in a criminal case is similarly treated.) The entry of a nonsuit will now terminate the right of action unless the nonsuit is subsequently set aside or taken off.

Since the entry of a compulsory nonsuit is, under the rule, a bar to a second action on the same cause of action the defense must be that the former action is res judicata, and this defense must be raised by an answer with "New Matter" under Pa. R. C. P. 1030. Therefore, the court cannot now pass upon this contention of defendant or upon the contention of plaintiff that Pa. R. C. P. 231 (*b*) is invalid.

Defendant also contends that the York County action is pending since plaintiff may move to take off the nonsuit. It contends that an action is "pending" until such time as there is a "final determination" or "final disposition" of the case and that this means " 'the final settling of the rights of the parties to the action beyond all appeal' ": Quarture et ux. v. Allegheny Co. et al., 141 Pa. Superior Ct. 356 (1940).

A pending action will result in the suspension or abatement of a subsequent action if a final judgment therein could be pleaded as a bar to the subsequent action: Pittsburg and Connellsville Railroad Co. v. Mt. Pleasant and Broad Ford Railroad Co., 76 Pa. 481, 490 (1874) ; Feather v. Hustead, 254 Pa. 357, 362 (1916). The question of a pending action may be raised by preliminary objections under Pa. R. C. P. 1017(b) (5).

There are several answers to this contention of defendant. If, as it contends, Pa. R. C. P. 231(b) makes the entry of a compulsory nonsuit a bar to a subsequent action there would be no reason to abate the present action as it is barred whether or not the first action is still pending. If the entry of the compulsory nonsuit does not bar the present action under Pa. R. C. P. 231(b) the practice existing prior to that rule is in effect and, as we have shown above, plaintiff could elect whether to move to take off the nonsuit or to bring another action upon payment of costs in the prior action, and it is not contended that the costs were not paid. A second claim would be permitted although the former claim remains on the record of the court: Bournonville v. Goodall, 10 Pa. 133 (1848). Finally, the failure of plaintiff to file a motion to take off the nonsuit within four days after its entry, as required by the rules of court in York County, together with the withdrawing of his motion for com-

pletion of the record, etc., amounted to an abandonment of that action.

It follows that preliminary objections filed by defendant must be dismissed.

And now, July 14, 1951, it is ordered and decreed that the preliminary objections filed by defendant be dismissed and defendant be directed, within 20 days of this date, to file an answer on the merits if it so desires.