## Shenberger v. Western Maryland Railway Company

*Kain, Kain & Kain,* for plaintiff.
*Keith, Bigham & Markley,* for defendant.

SHEELY, P. J., August 9, 1952.—The facts in this case are admitted by the pleadings. On November 23, 1949, plaintiff instituted an action in trespass against defendant in the Court of Common Pleas of York County claiming damages for injuries alleged to have been sustained in a grade crossing accident. On November 15, 1950, a complaint was filed and, on February 7, 1951, after the presentation of plaintiff's testimony, a compulsory nonsuit was entered against plaintiff, which has not been taken off. On February 14, 1951, the statute of limitations not having expired, plaintiff instituted an action in trespass in the Court of Common Pleas of Adams County on the same cause of action. Defendant has now moved for judgment on the pleadings, contending that the present action is barred by Pa. R. C. P. 231(*b*), which provides that: "After the entry of a compulsory nonsuit the plaintiff may not commence a second action upon the same cause of action."

Plaintiff concedes that the intent and purpose of Pa. R. C. P. 231(*b*) is to cut off the right of a plaintiff to institute a second action after the entry of a compul-

sory nonsuit, but contends that that objective cannot be legally attained by the adoption of a procedural rule. He contends that the rule does not merely affect the means of remedy, but that it takes away a substantive right of plaintiff contrary to the provisions of the Act of June 21, 1937, P. L. 1982, 17 PS §61, which provides that rules promulgated by the Supreme Court "shall be consistent with the Constitution of this Commonwealth and shall neither abridge, enlarge nor modify the substantive rights of any litigant. . . ."

The Act of March 11, 1875, P. L. 6, 12 PS §645, authorized the court to order a judgment of nonsuit to be entered where defendant has offered no evidence and the court is of the opinion that plaintiff has given "no such evidence as in law is sufficient to maintain the action." This act is substantially a reënactment of the Act of March 11, 1836, P. L. 76, sec. 7, relative to the district court of Philadelphia which was extended to the courts of common pleas throughout the State by the Act of April 22, 1863, P. L. 554, 12 PS §647.

The effect of a judgment of nonsuit under the statutes was considered by Chief Justice Gibson, sitting in nisi prius, in Fleming v. Insurance Co., 4 Clark 54 (1847), cited by plaintiff. He there held that a motion for nonsuit under the statute was like a demurrer to the evidence as regards the inferences that may be made from the evidence but not as regards the effect of the judgment consequent upon it. This was for the reason that the statute directed a "judgment of nonsuit" and not a judgment for defendant as in the case of demurrer. Under the common law a judgment of nonsuit, while it put plaintiff out of court, was strictly no judgment at all and was no bar to a subsequent suit for the same cause. The court reasoned that had the judgment of nonsuit been intended to have the effect of a judgment on demurrer to evidence the legis-

lature would have authorized a judgment directly for defendant, and that since defendant previously could have obtained a final judgment by demurrer to the evidence the legislature must have intended a different result for a judgment of nonsuit. It concluded that the purpose of the statute was to save time by compelling a plaintiff who could show no case to submit to a nonsuit without driving defendant to the perilous step of a demurrer to the evidence. The court said:

"The power of barring the plaintiff's access to the jury, is an arbitrary, though a necessary one; and as it derogates in some measure from a constitutional right, it is not to be enlarged by construction."

The court then held that plaintiff could bring a second action even though a motion to remove the nonsuit had been refused.

Subsequent cases made it clear that a plaintiff who had been nonsuited could institute a second action on the same cause unless he moved to remove the nonsuit and was refused, in which event the judgment was final. In Fine v. Soifer, 288 Pa. 164 (1927), Chief Justice von Moschzisker reasoned that since a nonsuited plaintiff might move to take off the nonsuit, "such voluntary action on his part was to be viewed as a submission of his case to the court in banc as though it had come before that tribunal on a demurrer to the evidence" because the statute permitted an appeal in like manner and with *like effect* as he might remove a judgment rendered against him upon a demurrer to evidence. The court discussed the ruling of Chief Justice Gibson in Fleming v. Insurance Co., supra, and stated:

"When examining this case, several things must be remembered. In the first place, it is well known that the great Gibson was traditionally opposed to any change of practice which, in his opinion, encroached

upon the sacred institution of trial by jury. As early as 1822, in Jones v. Wildes, 8 S. & R. 150, Justice Gibson wrote an opinion reversing a judgment for defendant on an instructed verdict, where he expressed the view that a Pennsylvania judge had no power to give binding instructions on the law, no matter what the state of facts before him might be,—a view long since exploded."

The court then pointed out that Justice Gibson was considering the Act of 1836 while the court was then considering the Act of 1875, containing almost identical provisions, but which was passed at "a time when the overcrowding of our courts commenced."

"In writing his opinion in the Fleming Case, Judge Gibson seemed to think that the main purpose for passing the Act of 1836 was to relieve defendants from the risks of a demurrer to the evidence; now, however, we believe that the object in passing the Act of 1875 was to relieve the courts from a situation of congestion, by shortening the time consumed in the trial of causes, —not by giving an opportunity for the entry of nonsuits, since that already existed, but by affording nonsuited plaintiffs an opportunity to stand on their evidence and have it finally adjudged." He concluded that the refusal to remove a nonsuit was equivalent to a judgment or a demurrer to evidence and therefore barred a second action on the same cause.

The effect of Pa. R. C. P. 231($b$) is to go a step further and to give to the entry of a compulsory nonsuit the effect of a judgment on a demurrer to the evidence whether plaintiff moves to have it taken off or not. The only difference is that where the motion for a compulsory nonsuit is refused the court cannot enter judgment against defendant as it could on a demurrer. Does this deprive plaintiff of any substantive right? He contends that the rule deprives a nonsuited plaintiff of his cause of action and therefore completely

denies him the right to a trial by jury as it existed before the Constitution of 1874.

The right of plaintiff to institute a second action after he had been nonsuited in the first action for failure to give "such evidence as in law is sufficient to maintain the action" was not a substantive right, but was merely a procedural right. Whether he had the right depended upon the action taken by defendant. If defendant demurred to the evidence and was sustained, or if defendant rested his case and was granted binding instructions, plaintiff was bound by the judgment and had no right to institute a second action. He had that right only when nonsuited and he did not move to take off the nonsuit, and the only reason he had the right under those circumstances was that a nonsuit was not considered as a final judgment. Changing the effect of a nonsuit and giving it that of a final judgment, as on a demurrer to the evidence, is therefore purely procedural and does not affect the substantive rights of plaintiff. He still has his right to a trial by jury and to have his evidence submitted to the jury if he produces such evidence as in law is sufficient to maintain his action. It has been held that the entry of a nonsuit does not violate this constitutional right.

"The province of a jury has always been to determine facts. What is the law applicable to those facts has always been a question for the court. In ordering the nonsuit, the court conceded all the facts which the jury could have found, and simply declared that under the law as applicable to them there was no liability on the part of the defendants": Munn et al. v. The Mayor, etc., Pittsburgh, 40 Pa. 364-371 (1861). Here, plaintiff had his trial by jury as guaranteed by the Constitution but he failed to establish a cause of action as a matter of law and the court so declared. If he thought the court erred he had the right to move to

take off the nonsuit and, if the court en banc agreed that he had a cause of action, the case would have been returned for a final determination before the jury. The Constitution does not guarantee to a plaintiff two opportunities to establish his case. The rule does no more than alter practice as Justice Mitchell suggested it should be altered in Fitzpatrick v. Riley, 163 Pa. 65, 70 (1894), when he said:

"The real hardship to defendant is in treating a compulsory nonsuit under the statute after plaintiff's evidence is all in, as an ordinary nonsuit and not as a demurrer to evidence, which it really is, and which ought to be a bar to another action."

In Warren v. The Commonwealth, 37 Pa. 45, 53, Justice Thompson said: "It is a mistake that is often made, to suppose that every modification of its accompanying powers detracts from the right. This is too narrow and rigid a rule for the practical workings of the constitution and the rights guaranteed by it in the particular in question. There is no violation of the right unless the remedy is denied, or so clogged as not conveniently to be enjoyed. . . . The framers of the constitution in which this right has been so sedulously guarded, undoubtedly knew and intended that legislation must provide the forms under which the right was to be enjoyed, and they meant no more than that it should be enjoyed under regulations which should not take away the right deemed necessary to order itself."

Pennsylvania Rules of Civil Procedure 231(b) does not deny plaintiff his right to trial by jury; it merely prescribes the forms under which the right is to be enjoyed.

It follows that defendant's motion for judgment on the pleadings must be sustained.

And now, August 9, 1952, defendant's motion for judgment on the pleadings is sustained and it is di-

rected that judgment be entered in favor of defendant and against plaintiff.