## Scanlon, Appellant, *v.* Suter.

```
158  275
194  470
158      275
f218     ²174
158   275
41SC² 67
```

*Practice, S. C.—Assignment of error—Nonsuit.*

Error does not lie either to entry or refusal to enter a judgment of non-suit, but only to the refusal of the court to set aside such judgment. Such refusal is in the nature of a demurrer to evidence, and hence it is neces-sary to bring the testimony on the record by a bill of exceptions.

*Master and servant—Violence outside line of duty.*

In an action against the proprietor of a ferry to recover damages for the death of plaintiff's husband, it is proper to enter a nonsuit, where the testi-mony shows that deceased came to his death as the result of a quarrel with the ferryman employed by defendant, and that the death was either an ac-cident or the result of unlawful violence on the part of the ferryman, out-side of the line of his duty, and committed without the authority or consent of defendant.

Argued Oct. 23, 1893.   Appeal, No. 23, Oct. T., 1893, by plaintiff, Ann Scanlon, from order of C. P. No. 2, Allegheny Co., Jan. T., 1893, No. 416, entering judgment of nonsuit in favor of defendants, Eli Suter and Suter Ferry Co.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for death of plaintiff's husband.   Before WHITE, J.

At the trial it appeared that on July, 5, 1888, Edward Scanlon, plaintiff's husband, went on defendant's ferryboat.   The regular ferryman, Arlington Fields, was not on the boat at the time, and a boy was ferrying in his place.   After the boat had started the boy was not able to manage it, and deceased and another passenger took the oars.   When the boat was half way across the river it had drifted down the stream out of its course.   Fields then put out to it in a small skiff.   He took the oars, and soon afterwards an altercation took place between him and Scanlon; the men grappled and both fell out of the boat into the water; Scanlon was drowned and Fields swam to the shore.

Patrick Murphy, a witness for plaintiff, testified : " Fields got into a small skiff and got a big pole and pushed himself over to us, and he got in our skiff, and Scanlon and him had a few words, and both of them got up, and he grabbed Scanlon by the neck here (shows). . . .   Q. When Fields got in what

did he do?   A. He set down and started to row.   Q. And how far did he row?   A. Only about three strokes.   Q. Then what happened?   A. Why, him and Scanlon had a few words. Q. State just what happened?   A. He hit Scanlon.   Q. Who did?   A. Arlington Fields; and then both men got up, and he got hold of him here, and the boat tipped like that.   Q. Who got hold?   A. Fields got hold of Scanlon, and then the boat tilted over like this, and they both went over, and it went back, like, and all the men in the boat pretty near were knocked out."

The court entered a compulsory nonsuit.

*Errors assigned* were (1) opinion granting nonsuit, (2, 3) entry of judgment of nonsuit.

*James Fitzsimmons, John S. Robb* with him, for appellant, cited: Lake Shore & Michigan Southern Ry. v. Rosenzweig, 113 Pa. 519.

*Edward E. Robbins, E. A. Montooth* and *John E. Kunkle* with him, for appellees, cited: Tunney v. Carnegie, 146 Pa. 168; Baker v. Fehr, 97 Pa. 70; McCully v. Clark, 40 Pa. 399; P. & R. R. R. v. Yerger, 73 Pa. 121; R. R. v. Armstrong, 52 Pa. 282; Thomas v. P. & R. R., 148 Pa. 180; Borough v. Reinhart, 13 W. N. 389; Brunner v. Tel. Co., 151 Pa. 452; R. R. v. Wilt, 4 Whart. 143; Pass. R. R. v. Donohue, 70 Pa. 123; Cauley v. P. C. & St. L. Ry., 98 Pa. 498; Beach on Contributory Negligence, § 441; P. & R. R. R. v. Boyer, 97 Pa. 100; Bunting v. Hogsett, 139 Pa. 374; Quigley v. Canal Co., 142 Pa. 395; Morrison v. Davis, 20 Pa. 171; Scott v. Hunter, 46 Pa. 194; McGrew v. Stone, 53 Pa. 442; McCauley v. Logan, 152 Pa. 202.

PER CURIAM, November 6, 1893:

Neither of the specifications complains of anything that is assignable as error.   The first and second allege error in entering the judgment of nonsuit, and in the opinion of the learned judge giving his reasons therefor; and the third charges error "in granting judgment of nonsuit as to Eli Suter and the Suter Ferry Company, and in proceeding with trial as to

Arlington Fields." No error is assigned to the refusal of the court to set aside the judgment of nonsuit ; nor does it appear that any exception was taken thereto.

Error does not lie either to entry or refusal to enter a judgment of nonsuit, but only to the refusal of the court to set aside such judgment: Act of March 11, 1875, Purd. 1363, P. L. 6 ; Borough of Easton v. Neff, 102 Pa. 474, and cases there cited. There is no provision for removal of the record into this court for revision, except in cases where a nonsuit has been entered and the motion to set aside the judgment has been denied, and exception has been taken thereto. Such refusal to set aside a judgment of nonsuit is in the nature of a demurrer to evidence, and hence it is necessary to bring the testimony on the record by a bill of exceptions.

It follows from what has been said that there is no assignable error on the record ; nor is the testimony properly before us. But, if the testimony were here on exception to the refusal of the court to set aside the judgment of nonsuit, and error assigned thereto, there is nothing in it that would justify a reversal of the judgment. So far as it tends to prove anything, the testimony shows that deceased came to his death as the result of a quarrel with Arlington Fields, the ferryman, and it was either an accident or the result of unlawful violence on the part of Fields, outside of the line of his duty, committed without the authority or consent of either of the appellants, and for which they are not responsible.

Judgment affirmed.