# Watterson, Appellant, *v.* The Pennsylvania Railroad Company.

*Beneficial associations—Railroad relief department—By-laws—Benefits—Prior suit—Voluntary nonsuit—Affidavit of defense.*

1. In an action of assumpsit by a widow of a railroad employee against the company to recover benefits from the defendant's relief department, of which deceased had been a member, an affidavit of defense is insufficient which seeks to deny plaintiff's right to recover, under a provision of the regulations of the department that "should any claim be presented or suit brought against the company for damages on account of injury or death of member, payments of benefits......payments shall not be made unless such claim shall be withdrawn or such suit shall be discontinued before trial thereof or decision rendered therein;......any verdict, judgment or decision rendered in favor of either plaintiff or defendant in such suit, shall preclude any claim upon the relief fund," where it appeared that although plaintiff had instituted a suit in trespass against the defendant to recover damages for her husband's death and a compulsory nonsuit was entered at the close of plaintiff's case, such nonsuit was taken off next day and a voluntary nonsuit entered nunc pro tunc by leave of court.

2. The fair meaning of such a regulation is that only a final disposition of any action brought shall be a bar to recovery on a relief certificate and the voluntary nonsuit was in the nature of a discontinuance, putting the plaintiff in the position of one who had not instituted an action: Snyder v. Penna. R. R. Co., 49 Pa. Superior Ct. 111, and Rotonti v. Penna. R. R. Co., 49 Pa. Superior Ct. 595, distinguished.

Argued Oct. 23, 1916. Appeal, No. 12, Oct. T., 1917, by plaintiff, from judgment of Superior Court, April T., 1916, No. 11, reversing judgment of C. P. Armstrong Co., Sept. T., 1912, No. 144, for plaintiff for want of a sufficient affidavit of defense in case of Ada L. Watterson v. The Pennsylvania Railroad Company. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ. Reversed.

Appeal from the Superior Court.

The opinion of the Supreme Court states the case.

The Superior Court reversed the judgment of the Common Pleas Court.    Plaintiff appealed.

*Error assigned* was in reversing the judgment of the Court of Common Pleas.

*C. E. Harrington,* with him *Harry C. Golden,* for appellant, cited: Hostetter et al. v. Kaufman, 11 S. & R. 146; Conneaut Lake Agricultural Assn. v. Pittsburgh Surety Co., 225 Pa. 592; Consolidated National Bank v. McManus, 217 Pa. 190; Township of Moreland v. Gordner, 109 Pa. 116; Haldeman et al. v. United States, 91 U. S. 584; Baer Bros. Mercantile Co. v. Denver & Rio Grande R. R. Co., 233 U. S. 479.

*Orr Buffington,* with him *O. W. Gilpin,* for appellee, cited: Snyder v. Penna. R. R. Co., 49 Pa. Superior Ct. 111; Rotonti v. Penna. R. R. Co., 49 Pa. Superior Ct. 595; Johnson v. Philadelphia & Reading R. R. Co., 163 Pa. 127.

OPINION BY MR. CHIEF JUSTICE BROWN, January 8, 1917:

Thomas F. Watterson, the husband of the appellant, was killed in a railroad accident while in the employ of the defendant company, and she brought an action in trespass against it to recover damages for his death. After she had closed her testimony, the defendant moved for judgment of nonsuit, and its motion was thus disposed of by the trial judge: "While we regret that this lady is unable to recover for the loss of her husband, yet, in our opinion, it is our duty to grant a compulsory nonsuit, but we will give leave to the plaintiff, at any time before final determination of this question, to petition the court for leave to enter a voluntary nonsuit; so that disposes of the case." On the following day, on motion of plaintiff's counsel, the court made the following order: "A

voluntary nonsuit is now entered nunc pro tunc this 18th day of November, 1911, as of the date of November 17, 1911, and the compulsory nonsuit heretofore granted is now taken off." Subsequently this action was brought by the appellant to recover benefits from the relief department of the defendant, of which her husband had been a member. Section 58 of the regulations of that department is as follows: "Should claim be presented or suit brought against the company, or against any other corporation which may be at the time associated therewith in administration of the relief departments, in accordance with the terms set forth in Regulation No. 6, for damages on account of injury or death of a member, payments of benefits from the relief fund on account of such injury or death shall not be made unless such claim shall be withdrawn or such suit shall be discontinued before trial thereof or decision rendered therein. Any compromise of such claim or suit, or any verdict, judgment or decision rendered in favor of either plaintiff or defendant in such suit, shall preclude any claim upon the relief fund for benefits on account of such injury or death." In its affidavit of defense the railroad company denied the right of the plaintiff to recover because she had brought an action against it for her husband's death, which, it averred, had not been discontinued before the trial thereof or decision rendered therein. On a rule for judgment for want of a sufficient affidavit of defense the lower court held that the action in trespass had not been prosecuted to judgment or decision in favor of the defendant, as it contended, and directed judgment to be entered against it, for the reason that the voluntary nonsuit suffered by the plaintiff, with the court's leave, was a discontinuance of the suit within the terms of the regulations of defendant's relief department. On appeal to the Superior Court this judgment was reversed, that court being of the opinion that, when the lower court entered the compulsory nonsuit, it "definitely decided that the plaintiff could not recover": Watterson v. Pennsyl-

vania Railroad Co., 64 Superior Ct. 205. The correctness of this ruling is the sole question before us.

The institution of the action in trespass was not in itself a bar to the right of the appellant to recover in this proceeding. Section 58 of the regulations of the relief department of appellee contemplates the bringing of such an action, and it becomes a bar to a right to recover on a relief certificate only after "trial thereof or decision rendered therein." That the fair meaning of these words is a final disposition of the case is apparent from what immediately follows them: "Any compromise of such claim or suit, or any verdict, judgment or decision rendered in favor of either plaintiff or defendant in such suit, shall preclude any claim upon the relief fund for benefits on account of such injury or death." There was no compromise or verdict in the first suit, nor was there a final judgment or decision therein. The entry of the compulsory nonsuit was not a definite decision that plaintiff could not recover, and it was properly not so regarded by the trial judge, for he gave leave to the plaintiff to ask permission to suffer a voluntary nonsuit at any time before the final determination of the question of the right of the defendant to the compulsory nonsuit. The right of the plaintiff was to move to strike it off, and it would not have become a final judgment against her until the court had formally refused to disturb it. The refusal to take off a nonsuit, and not the entry of it, is the final judgment from which an appeal will lie: Haverly v. Mercur, 78 Pa. 257; Scranton City v. Barnes, 147 Pa. 461; Scanlon v. Suter, 158 Pa. 275; Bausbach v. Reiff, 237 Pa. 482.

The compulsory nonsuit was still under the control of the court when the plaintiff moved to have it taken off and to suffer a voluntary nonsuit nunc pro tunc under the leave given her. Her motion was allowed, and the record shows a voluntary nonsuit suffered, by leave of court, as of the time she closed her case; and this voluntary nonsuit was in the nature of a discontinuance before

there was any final judgment in the case, allowed by the trial judge, who still had control of it. There was a voluntary withdrawal by the plaintiff of the action which she had instituted. No appeal was taken by the defendant from the action of the court in permitting the voluntary nonsuit to be suffered, even if an appeal could have been availing; and the record in that case is conclusive in this: Hostetter v. Kaufman, 11 S. & R. 146.

In reversing the court below the Superior Court relied upon two of its own cases: Snyder v. Penna. R. R. Co., 49 Pa. Superior Ct. 111, and Rotonti v. Penna. R. R. Co., Ib., 595. Neither case is analogous. In the first there had been a nonsuit, which the court below refused to take off, and from this refusal no appeal was taken; in the second there was a compromise of the action of trespass brought by the widow of the deceased.

In his opinion, holding that the appellant was entitled to judgment for want of a sufficient affidavit of defense, the learned president judge of the Common Pleas said the following of the first action, which we now approve: "We are of the opinion that the record now stands as if a voluntary nonsuit were suffered in the first instance, that the court had not released its grasp upon the question, but conditionally only granted a compulsory nonsuit, which with the leave and order of court was eliminated and in its place was entered the voluntary nonsuit suffered by plaintiff. The voluntary nonsuit must be considered as taken at once, without the intervention of a day, while the question was open, before the court, at the conclusion of plaintiff's testimony, because such is the effect of the nunc pro tunc order. Holding, therefore, as we do that plaintiff suffered a voluntary nonsuit and that the record so shows, what was the effect thereof? In our opinion the effect was the same as if plaintiff had filed a discontinuance of the action. In other words, that plaintiff was in the position of one who had not instituted an action, and that she must be regarded now as being voluntarily out of court and as not having in-

stituted the said action of trespass. That such is the effect of a discontinuance of a suit or action at law will hardly be disputed and we are of the opinion that the sufferance of a voluntary nonsuit has a like effect."

The judgment of the Superior Court is reversed, and that of the Common Pleas is affirmed.