## Julian, Appellant, v. Lindner Shoe Co. et al.

*Res judicata— Vendor and vendee — Specific performance — Former decree—Parties—Appeals.*

1. Where a bill in equity is filed by a stockholder of a corporation against the corporation and a proposed purchaser of its real estate, and a decree is entered against the corporation forbidding the sale to the purchaser, although the bill is dismissed as to the latter, he has a right to appeal, and, if he fails to do so, he is bound by the decree, and it may be set up against him if he subsequently files a bill against the corporation for the specific performance of the contract to sell the real estate to him.

Argued April 28, 1924. Appeal, No. 216, Jan. T., 1924, by plaintiff, from decree of C. P. Cumberland Co., Oct. T., 1922, No. 1, dismissing bill in equity, in case of W. Alexander Julian v. Lindner Shoe Co. and P. H. Van Bloem et al., directors of said corporation. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance. Before BIDDLE, P. J.
The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiff appealed.

*Error assigned* was decree, quoting record.

*Milton B. Ignatius,* of New York Bar, with him *Beidleman & Hull* and *Brinton, Vale, Lloyd & Bowman,* for appellant.

*Joseph P. McKeehan,* with him *John R. Geyer,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 19, 1924:
The chancellor who heard this case sustained a demurrer to plaintiff's bill for specific performance and from this decree an appeal has been taken.

A number of reasons were given for the court's action. One of them is so completely satisfying that the others need not be adverted to. The bill sought a decree of specific performance against the officers and directors of the Lindner Shoe Company to compel them to convey its property, real and personal, to the plaintiff under a contract which he claimed they had entered into with them. In another proceeding by a stockholder of the Lindner Shoe Company against these same defendants and the plaintiff, the court below had entered a decree enjoining the company and its officers and directors from making the sale to plaintiff. He claims that he could not appeal from the decree in that case because the bill as to him was dismissed. We do not assent to this proposition. He had the undoubted right of appeal, as the decree directly affected him and he was aggrieved by it, because it forbade the other defendants to make the sale to him: Act April 21, 1846, P. L. 433, 2 Purd. Dig. 1432; Cadmus v. Jackson, 52 Pa. 295, 302; 2 Daniell's Chancery Pleading & Practice, 5th ed., 1460; 3 Corpus Juris 616 et seq., particularly pages 626, 629.

Appellant's main contention is that the prior proceeding did not adjudicate his rights and that he can maintain this one. Conditions would be intolerable in the administration of equity if in a proceeding a court could be called upon in one case to grant the very relief which it had forbade by injunction in another. In Union Trust Co. v. Southern Inland Navigation and Improvement Co., 130 U. S. 565, 9 Sup. Ct. R. 606, trustees had been restrained from consummating an agreement they had made to sell certain lands. In a later proceeding instituted by the purchaser to affirm the sale which had been made, the court said (p. 570): "The injunction bound the trustees, and they, and all other parties to the suit, who were before the court, were concluded by the decree subsequently rendered in respect to the disposition of the lands that were the subject-matter of the litigation."

The decree of the court below is affirmed at the cost of appellant.