# Fine, Appellant, *v.* Soifer.

*Res judicata—Judgment—Order overruling motion to take off nonsuit—Second action after refusal to take off nonsuit—Act of March 11, 1875, P. L. 6—Common law practice and Equity Rule 66.*

1. The Act of March 11, 1875, P. L. 6, plainly treats the refusal to remove a compulsory nonsuit as a final appealable judgment, and specifically states that, at least on appeal, such a judgment is to have "like effect" as a judgment against plaintiff on defendant's demurrer to the evidence.

2. The Act of 1875 further expressly provides for a motion to the court below in banc to set aside the nonsuit, which motion must be considered by that body, and not by the trial judge alone.

3. Such voluntary action on plaintiff's part must be viewed as a submission of his case to the court in banc as though it had come before that tribunal on a demurrer to the evidence.

4. The result of affirmance of the judgment for a defendant on a demurrer to plaintiff's evidence, is to make the judgment's finality undisturbable. An appealable judgment, unappealed from, is equally conclusive.

5. While the mere entry of a compulsory nonsuit cannot be treated as if it were a judgment on a demurrer to the evidence, yet the refusal of a motion to set aside a nonsuit may be so treated.

6. The motion to set aside the nonsuit is the voluntary action of the plaintiff, and in doing so he submits the legal sufficiency of his evidence to the court in banc for its decision; if the decision is

against him, the judgment is final, and, if he fails to take an appeal and secure the reversal of the judgment, he cannot thereafter institute a second suit against defendant on the same cause of action. Fleming v. Ins. Co., 4 Clark 54 and Jones v. Wildes, 8 S. & R. 150, explained. Bournonville v. Goodell, 10 Pa. 133, distinguished.

7. It seems that the Acts of March 11, 1836, P. L. (1835-6) 76, 78, and March 5, 1875, P. L. 6, were passed to save time to overcrowded courts.

8. A proper construction of the Act of 1875 makes the practice on the common law side of the court accord with Equity Rule 66.

Argued December 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 299, Jan. T., 1926, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1923, No. 7830, for defendant on question of law raised by affidavit of defense, in case of Louis Fine v. Samuel Soifer. Affirmed.

Rule for judgment on question of law raised by affidavit of defense. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Benj. Sork,* of *Blumberg & Sork,* with him *Edward Unterberger,* for appellant.—It would seem that the only reported case in Pennsylvania in which a motion to take off the nonsuit was taken and then a new suit brought is that of Fleming v. Ins. Co., 6 Pa. Law Journal 373.

A trial on which nothing was determined, cannot support a plea of res judicata, or have any weight as evidence at another trial: Manhattan Ins. Co. v. Broughton, 109 U. S. 121.

There is no doubt that a new suit may be brought. Cases hold all that is necessary is that costs be paid first: Flemming v. Pa. Co., 4 Pa. 475; Stiles v. Woodruff, 1

Phila. 67; Cochran v. Perry, 2 Clark 521; Koons v. Patterson, 1 Phila. 288; Bournonville v. Goodall, 10 Pa. 133.

A compulsory nonsuit under the statute is no bar under another proceeding for the same cause: Bliss v. Transit Co., 73 Pa. Superior Ct. 173.

*Edward Davis,* for appellee.—The Act of 1875 specifically states that, in case the court in banc shall refuse to set aside the nonsuit, plaintiff may remove the record by a writ of error, etc., in like manner as he might remove a judgment rendered against him on a demurrer to the evidence. The court in banc must consider the motion: Nazareth F. & M. Co. v. Marshall, 257 Pa. 489.

Having thus considered it, its refusal to remove the nonsuit is tantamount to a judgment for defendant, and an appeal to the higher court is the only remedy for plaintiff: Hartman v. Plane Co., 159 Pa. 442; Finch v. Conrade, 154 Pa. 326; Garrat v. Garrat, 4 Yates 244; Kroecker v. Kroecker, 7 Phila. 371.

The right of appeal arises when the court refuses to take off nonsuit and it is the judgment of the court on the latter question which the plaintiff may have removed: Bliss v. Transit Co., 73 Pa. Superior Ct. 173.

The cases cited by appellant in his paper book merely establish the right to pay the costs and start anew, if no motion to remove the nonsuit has been made.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1927:

An agreed statement of facts, in accordance with Rule 56 of this court, relates that plaintiff sued to recover a deposit alleged to have been given to defendant as earnest money for the purchase of real estate. The case was tried on April 17, 1924. After hearing plaintiff's evidence the court below entered a compulsory nonsuit because the testimony showed that, although defendant was sued individually, he was the agent of

one Samuel Thompson, which fact was known to plaintiff when he instituted the present action; that the agreement on which suit was brought was signed by defendant as agent, and, at the time of entering into the contract, plaintiff knew of defendant's principal. On April 21, 1924, a motion to take off the nonsuit was filed; which application, three days later, the court in banc refused. No appeal was taken from this decision. Thereafter, on July 28, 1925, plaintiff again brought an action against defendant, on the same agreement, as of the original term and number, it being the case involved in this appeal. Defendant filed an affidavit of defense in the nature of a demurrer, raising the following question: The trial judge, when the present case was previously before the same court, having entered a compulsory nonsuit, and the court in banc having overruled plaintiff's motion to remove the nonsuit, was not the latter action tantamount to a judgment for defendant, and an appeal to a higher court the only procedure available to plaintiff? The demurrer was sustained by the court in banc, and plaintiff has appealed.

No point was made in the court below, or in this court, as to the propriety of raising the question involved by a demurrer, and that point is not now before us.

In an opinion refusing to remove the nonsuit, the court below states: "It is well settled that [where a nonsuit is entered and no motion is made to remove it], plaintiff can pay the costs and proceed anew, but we are of opinion that, where a nonsuit is entered and a motion to take it off is filed and proceeded with before the court in banc, and the court sustains the nonsuit as entered, either plaintiff must appeal from the judgment entered thereon, or the matter is ended so far as the particular case is concerned, and he cannot again [pursue] the same case upon the same claim......without first appealing, and, if the [refusal to remove the nonsuit] is reversed, [obtaining] a procedendo."

Section 1, of the Act of March 11, 1875, P. L. 6, provides that, "whenever the defendant, upon the trial of a cause in any court of common pleas of this Commonwealth, shall offer no evidence, it shall be lawful for the judge presiding at the trial to order a judgment of nonsuit to be entered if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, with leave, nevertheless, to move the court in banc to set aside such judgment of nonsuit; and in case the said court in banc shall refuse to set aside the nonsuit the plaintiff may remove the record......into the Supreme Court for revision and review in like manner and with like effect as he might remove a judgment rendered against him upon a demurrer to evidence."

The above statutory provision plainly treats the refusal to remove a compulsory nonsuit as a final appealable judgment, and specifically states that, at least on appeal, such a judgment is to have "like effect" as a judgment against plaintiff on defendant's demurrer to the evidence. Such being the meaning of the act, what is the legal result, so far as the right of plaintiff to bring another suit on the same cause of action is concerned, where, as in the case before us, there has been no appeal from the refusal to take off the nonsuit?

The act not only treats the refusal to remove a nonsuit as tantamount to a judgment on demurrer to the evidence, for purposes of appeal, but also does more than that; it expressly provides for a motion to the court in banc to set aside the nonsuit, which motion must be considered by that body, not by the trial judge alone: Bausbach v. Reiff, 237 Pa. 482, 488; Nazareth F. & M. Co. v. Marshall, 257 Pa. 489, 493. The lawmakers evidently intended that, when one entitled to make this motion might see fit to take advantage of his privilege in that regard, such voluntary action on his part was to be viewed as a submission of his case to the court in banc as though it had come before that tribunal on a de-

murrer to the evidence, else why provide, as the act does, that "in case the said court in banc shall refuse to set aside the nonsuit, the plaintiff may remove the record......into the Supreme Court for revision and review, in like manner and with *like effect* as he might remove a judgment rendered against him upon a demurrer to evidence"? The plain dictionary meaning of "like effect" is, with like results, and the result of affirmance of a judgment for defendant on a demurrer to plaintiff's evidence is to make the judgment's finality undisturbable. An appealable judgment, unappealed from, is equally conclusive,—as we shall later note, with a citation of authorities and explanation why this rule applies to the problem now before us.

In Scanlon v. Suter, 158 Pa. 275, 277, we said, "Such refusal to set aside a judgment of nonsuit is in the nature of a demurrer to evidence." Of course, we could not have meant by the above-quoted words that such judicial refusal was of itself in the nature of a demurrer to the evidence, but that the decision of the court in banc on the motion which brought about the refusal was in the nature of a judgment on demurrer to the evidence. That is just what the act evidently intends, and this construction coincides with all our judicial utterances in reference to the subject, so far as they appear.

In Finch v. Conrade's Exr., 154 Pa. 326, 328, we said, "It is well settled that [refusal by the court below to take off a nonsuit] is tantamount to a judgment for defendant on demurrer to plaintiff's evidence, except that, in case of reversal, instead of entering a judgment for plaintiff here, the record must be remitted with a procedendo." In Hartman v. Incline Plane Co., 159 Pa. 442, 444, we repeated practically the same words. It is only fair to state, however, that neither of these cases raised the point now before us, and that the language quoted is used in another connection. In fact, no case of ours on the precise point here involved has been cited by either side, and our own research discloses none. In

Fitzpatrick v. Riley, 163 Pa. 65, 70, Justice MITCHELL states: "The real hardship to defendant is in treating a compulsory nonsuit under the statute, after plaintiff's evidence is all in, as an ordinary nonsuit and not as a demurrer to evidence, which it really is." This, however, was said in a case where the nonsuit in question had been removed, not where the court in banc had refused to remove it. In other words, the case falls within the class of decisions which deal with the effect of the entry of a nonsuit, not with the effect of the refusal of a motion to remove one; and it is well settled that the mere entry of a nonsuit never bars the right to bring a subsequent action: Bournonville v. Goodall, 10 Pa. 133, 134; see also Cleary v. Quaker City Cab Co., 285 Pa. 241, 249.

Though all our decisions are clear that the mere entry of a compulsory nonsuit cannot be treated as if it were a judgment on a demurrer to the evidence,—as Justice MITCHELL suggests it ought to be,—yet the motion to set aside a nonsuit stands on a different footing, and, as said by us in Scanlon v. Suter, supra, it may be treated as a submission of the case by plaintiff to a decision "in the nature of" a judgment rendered on a demurrer to the evidence; or, in the words used by us in Finch v. Conrade's Executor and in Hartman v. Incline Plane Co., supra, the refusal of such a motion by the court in banc is "tantamount to a judgment for defendant on a demurrer to plaintiff's evidence." Such a procedure cannot be deemed to put the case before the court precisely as on a demurrer to the evidence, because, as already shown, no final judgment for plaintiff may be entered on the refusal of the motion, the judgment in plaintiff's favor being that he may proceed with his suit; but this fact constitutes no valid reason why, if the nonsuit is sustained, a final judgment may not be entered for defendant, since plaintiff, in filing the motion for its removal, does so voluntarily, instead of proceeding to bring another suit. On such motion, plaintiff's

only prayer is that the nonsuit be removed; by making this prayer, he submits the legal sufficiency of his evidence to the court in banc for its decision, saying, substantially, "I do not choose to exercise my legal privilege of bringing another suit, for here is the evidence on which I stand. You may judge it finally as though it had been demurred to and, if sufficient to go to a jury, award me a procedendo for that purpose; if not, then I am through and defendant wins."

The case most often cited, expressing a contrary view, is Fleming v. Insurance Co., 6 Pa. Law Journal 373, 4 Clark 54, where Judge GIBSON, sitting at nisi prius in Philadelphia, ruled that, even after the trial court's refusal to take off a nonsuit, plaintiff might bring another action. When examining this case, several things must be remembered. In the first place, it is well known that the great GIBSON was traditionally opposed to any change of practice which, in his opinion, encroached upon the sacred institution of trial by jury. As early as 1822, in Jones v. Wildes, 8. S. & R. 150, Justice GIBSON wrote an opinion reversing a judgment for defendant on an instructed verdict, where he expressed the view that a Pennsylvania judge had no power to give binding instructions on the law, no matter what the state of facts before him might be,—a view long since exploded. In the Fleming Case, Judge GIBSON had before him the 7th section of the Act of March 11, 1836, P. L. (1835-6) 76, 78, which was a statute establishing and regulating practice in the District Court of Philadelphia. The phraseology of this act is almost precisely the same as that employed in the Act of 1875; but, considering the changes which had taken place during the forty years between their respective dates, it does not necessarily follow that the legislature had the same object in view when it passed the first act for the District Court of Philadelphia, as it had when it passed the general act for the whole state in 1875. The latter date marks the opening of a great epoch in American life, after the Civil

War, and a time when the overcrowding of our courts commenced. In writing his opinion in the Fleming Case, Judge GIBSON seemed to think that the main purpose for passing the Act of 1836 was to relieve defendants from the risks of a demurrer to the evidence; now, however, we believe that the object in passing the Act of 1875 was to relieve the courts from a situation of congestion, by shortening the time consumed in the trial of causes,—not by giving an opportunity for the entry of nonsuits, since that already existed, but by affording nonsuited plaintiffs an opportunity to stand on their evidence and have it finally adjudged. In denying this construction to the Act of 1836, GIBSON entirely overlooked the significance of the motion to take off the nonsuit. For instance, he states that the plaintiff "is tripped up the instant he has closed his evidence," and refers to an involuntary nonsuit precluding "everything like deliberation," whereas it is not the nonsuit, but the refusal to take it off, which makes the facts involved res judicata; and the act, by expressly providing for a motion to remove the nonsuit, which must be passed on by the court in banc, allows an opportunity for deliberation. Aside from these considerations, however, Justice GIBSON, when he wrote the opinion in the Fleming Case, did not speak as one sitting in the Supreme Court on appeal, but as a judge presiding at nisi prius; so that, notwithstanding the great weight which his opinions must always bear with us, the decision in question is not an authority in the strict sense of that term. Moreover, as before noted, we know of no case of ours where GIBSON's construction of the Act of 1836 has been followed either under that statute or the Act of 1875.

There is one case, under the Act of 1836, Bournonville v. Goodall, 10 Pa. 133, where, after a nonsuit, plaintiff instituted another action, and we upheld his right so to do on appeal; and there we speak with approval of the views expressed by Mr. Justice GIBSON in the Fleming Case. But, in the Bournonville Case, there was no

motion to take off the nonsuit, and hence the effect of the refusal of such a motion was not before the court. The strong probability is that, as we have already said of the Act of 1875, the Act of 1836 also was passed more to save the time of courts than out of any consideration for the fear of a demurrer to the evidence, which defendants were supposed to entertain. Even Judge GIBSON, in the Fleming Case, states, as to the Act of 1836, "The object plainly was to save time by compelling a plaintiff who could show no case, to submit to a nonsuit," but he immediately adds, "without driving the defendant to the perilous step of such a demurrer," As already said, these acts are practically alike, and since, in all probability, the Act of 1875, at least, was passed to save time to overcrowded courts, and thus to benefit all litigants equally, we cannot believe the legislature,—after providing for a motion to remove the nonsuit, a hearing thereof by the court in banc, and for an appeal from the latter's refusal to grant the motion, with a legislative declaration that, on such appeal, an order declining to remove the nonsuit should be viewed as though it were a judgment on demurrer to the evidence,—intended that, following all this delay and such a judgment, a defeated plaintiff might again sue on precisely the same facts; though this is what appellant contends. Such a system, instead of saving time, undoubtedly would make for delay. We believe the whole structure of the act before us, and the decisions under it, indicate that, while the motion for a nonsuit is not to be viewed in any sense as a demurrer to the evidence, yet, when a motion to take off a nonsuit is filed and refused, the court's judgment thereon must be viewed as conclusive of plaintiff's case, whether such judgment be one entered by the court in banc, unappealed from, or rendered on appeal; for an appealable judgment not appealed from is as conclusive as though affirmed on appeal: Julian v. Lindner Co., 280 Pa. 566, 567; Com. v. Speer, 267 Pa. 129, 135; First Nat. Bk. v. Dissinger, 266 Pa. 349, 352; Bowers's Est.,

240 Pa. 388, 391; Marsteller v. Marsteller, 132 Pa. 517, 523. In this connection it may be noted that, when the act before us provides, "in case the said court in banc shall refuse to set aside the nonsuit, the plaintiff may remove the record......into the Supreme Court for revision and review, in like manner and with like effect as he might remove a judgment rendered against him upon a demurrer to evidence," it does not state what may happen on appeal so much as it describes the character of the judgment which it makes the subject of appeal; and this is a judgment of the character rendered against a plaintiff on his opponent's demurrer to the evidence, which is final and conclusive in its nature.

The construction thus placed upon the Act of 1875 makes the practice on the common-law side accord with our Equity Rule 66, which provides for the dismissal, at the close of plaintiff's case, of his bill where the evidence adduced fails to sustain its averments, and for the entry of a decree "which shall have the effect of a nonsuit at law"; further, that, upon dismissal of exceptions to such a decree, "it shall become a final decree for all purposes and subject to appeal": Sauber v. Nouskajian, 286 Pa. 449, 453.

The case just cited holds, however, that, after such a decree of nonsuit, if no exceptions are filed by plaintiff, he may begin another action. So on the common-law side, if a nonsuited plaintiff files no motion to take off the nonsuit, he may sue again; but, on the other hand, if he files such a motion, he in effect submits his case to the court in banc as though on defendant's demurrer to the evidence, so far as the effect of possible judgment against him, the plaintiff, is concerned, and, therefore, such a judgment is final and conclusive.

The judgment appealed from is affirmed.

In Moschzisker's Trial by Jury, section 150, page 109 it is said: "This (the fact that the refusal to take off a nonsuit may prohibit another action) suggests the necessity for consideration in deciding whether or not to ask for the removal of a nonsuit, rather than to institute a new case."—Reporter's note.