# JONES ET AL., TRUSTEES, *v.* PRAIRIE OIL AND GAS COMPANY.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA.

No. 109.   Argued January 11, 1927.—Decided January 24, 1927.

1. Notice of an application of a mother to be appointed guardian of the estate of her child, an infant under twelve in the mother's custody, is not required by the Fourteenth Amendment.   P. 198.
2. A clerical error in the posted notice of such an application will not invalidate the proceedings if not misleading.   P. 198.
3. A state statute permitting a guardian to make oil and gas leases lasting beyond the minority of the ward cannot, in view of the fugitive subject-matter, be deemed unconstitutional.   P. 198.
4. Congress has power to remove a restriction against alienation of a patented homestead allotment of a minor Creek Indian.   P. 199.
5. A state statute governing the procedure for leasing a ward's real estate is to be taken by this Court as construed by the state courts, even when such construction supplants an earlier one relied on as a rule of property.   P. 199.

Affirmed.

APPEAL from a decree of the District Court dismissing a bill to set aside oil and gas leases, and for an account.

*Messrs. J. Alston Atkins* and *Carter Walker Wesley* for the appellants.

The sale of an oil and gas lease on a ward's land should be governed by the law providing for the sale of real property.

The appointment of the guardian was void under the laws of Oklahoma for want of notice.  *Cummings* v. *Landes,* 140 Iowa 80; *Spence* v. *Morris,* 28 S. W. 405; *Lyon* v. *Vanatta,* 35 Iowa 521; *Beachy* v. *Shomber,* 73 Kans. 62; *Ross* v. *Breene,* 88 Okla. 37; *Mullin* v. *Hawkins,* 97 Okla. 30.

The state constitution and statutes do not give the county court power, through a guardian, or otherwise,

to lease a ward's land beyond minority. *Strawn* v. *Brady,* 84 Okla. 66; *Byerly* v. *Eadie,* 95 Kans. 400; *Cochran* v. *Teehee,* 40 Okla. 388; *Haddock* v. *Bronaugh,* 92 Okla. 197; *Carlile* v. *Nat. Oil Co.,* 83 Okla. 217; §§ 4951, 4952, Comp. Laws of Okla. If the law of Oklahoma attempts this, it takes property without due process. *Tiernay Coal Co.* v. *Smith's Guardian,* 180 Ky. 815; on rehearing, 181 Ky. 764; *Cabin Valley Mining Co.* v. *Hall,* 53 Okla. 760; *Mallen* v. *Ruth Oil Co.,* 231 Fed. 845; *Ricardi* v. *Gaboury,* 115 Tenn. 485; *Beaucamp* v. *Bertig,* 90 Ark. 350; *McCreary* v. *Billing,* 176 Ala. 314. There is no distinction here between an oil and gas lease and a coal lease. *Appeal of Stroughton,* 88 Pa. St. 198.

The Oklahoma law which authorizes the appointment of a guardian for the person and property of an individual who is alleged to be a minor, without any notice or opportunity to be heard, is not due process of law. That these laws do not require notice to the alleged minor, see *Crabtree* v. *Batl.,* 102 Okla. 1. It is to be remembered that a finding of minority is conclusive against collateral attack. *Johnson* v. *Johnson,* 60 Okla. 206; *Johnson* v. *Furchtbar,* 96 Okla. 114; *Bank* v. *Dresia,* 103 Okla. 166; *Lowery* v. *Parton,* 65 Okla. 232.

To constitute due process, the notice and opportunity to be heard must be required by the state law. *Coe* v. *Armour,* 237 U. S. 413. It is immaterial that there would have been no defense if notice had been given. *Rees* v. *Watertown,* 19 Wall. 107; *Coe* v. *Armour, supra.*

The Act of Congress purporting to allow leasing contrary to the restriction in the homestead patent, is void. *Choate* v. *Trapp,* 224 U. S. 665; *English* v *Richardson,* 224 U. S. 680. Distinguishing *Williams* v. *Johnson,* 239 U. S. 414.

*Mr. Joseph L. Hull,* with whom *Messrs. T. J. Flannelly, Paul B. Mason,* and *Nathan A. Gibson* were on the brief, for the appellee.

Mʀ. Jᴜsᴛɪᴄᴇ Hᴏʟᴍᴇs delivered the opinion of the Court.

This is a bill in equity seeking the cancellation of oil and gas leases to, or held by, the Prairie Oil and Gas Company, and for an account. The fundamental facts are as follows. Leonard D. Ingram was a member of the Muskogee (Creek) Nation and as such on July 1, 1907, received patents of homestead and other land, the homestead patent expressing the conditions provided by Act of Congress, that the land should be inalienable, &c., for twenty-one years. On January 3, 1911, the County Court of Wagoner County, Oklahoma, made an order appointing Minerva Ingram, now Minerva Jones, guardian of Leonard D. Ingram. On January 24, 1911, March 28, 1911, and December 18, 1911, Minerva Ingram, acting as guardian, made the leases in question, covering the above lands and running for as long after the minority of Leonard Ingram as oil or gas should be found in paying quantities. The defendant company began to remove oil and gas in 1920 and is continuing to do so still. The leases are said to be invalid for several reasons: It is alleged that the appointment of Minerva Ingram as guardian was void under the Fourteenth Amendment of the Constitution because no notice of the application for appointment was given. It is alleged further that the guardian had no power to execute leases that would or might outlast the minority of the ward, as that again is thought to be contrary to the Fourteenth Amendmenι. Thirdly it is urged that the inclusion of the homestead was invalid because of the condition against alienation in the patent under the Act of Congress, notwithstanding the later Act of May 27, 1908, c. 199; 35 Stat. 312, which is admitted to apply, but is said to be ineffective under the Fifth Amendment, as depriving the minor of his property without due process of law. Finally, it is averred that the leases were not executed in manner and form required by

law.    On motion the District Court dismissed the bill and the plaintiffs appealed to this Court.  *Lipke* v. *Lederer,* 259 U. S. 557, 560.

The averment that the guardian was appointed without notice was qualified by an amendment showing an order for a hearing on January 3, 1911, and for notice by posting in three public places, one being the door of the Court House.    The notice was posted as directed but although dated December 15, 1910, states January 3, 1910, instead of 1911, as the time for the hearing.    It was also sent by mail to the minor, to Minerva Ingram and three others, stated to be next of kin and persons having the care of the minor.    It is admitted that Minerva Ingram was the mother of the minor, and the record indicates that the latter was of tender years, or at least under twelve, which is not denied.    The mother seems to have had him in her custody.    The Oklahoma statutes only require such notice as the judge deems reasonable to be given to the relatives residing in the county and to any person having the care of such minor.    Compiled Oklahoma Statutes, 1921, § 1431. In the circumstances stated, unqualified, the requirement of notice is merely formal, if it exists.    *Lester* v. *Smith,* 83 Okla. 143.    *Gibson, Appellant,* 154 Mass. 378, 379–381. Certainly there is nothing in the Constitution of the United States that requires it.    See *Hoyt* v. *Sprague,* 103 U. S. 613.    The clerical error in the notice would mislead no one and did not invalidate the proceedings.    The mother was the petitioner and no one but the mother and son were concerned.    We see nothing to overcome the presumption if any presumption were needed, in favor of the validity of the appointment, declared to exist by the Supreme Court of the State.    *Baker* v. *Cureton,* 49 Okla. 15.

The Oklahoma statutes are held to give to guardians the power to execute oil and gas leases that may last beyond the minority of their wards.    *Cabin Valley Min-*

*ing Co.* v. *Hall*, 53 Okla. 760. *Mallen* v. *Ruth Oil Co.*, 230 Fed. 497; affirmed, 231 Fed. 845. The fugitive character of the subject-matter makes it necessary in the ward's interest that guardians should have that power, and it appears to us that it would be an extravagant interpretation of the Constitution to hold that the ward's interest must be sacrificed on the ground of the absolute character of his title when adult. He takes that title subject to such qualifications as the law reasonably allows to be imposed for his good. The denial of the power as to agricultural (*Haddock* v. *Bronaugh*, 92 Okla. 197) or coal lands (*Tierney Coal Co.* v. *Smith*, 180 Ky. 815) whether right or wrong on constitutional grounds, cannot be extended to this case.

It is not open to dispute that the removal by the later Act of Congress that we have cited of the restriction upon alienation previously imposed is valid. *Williams* v. *Johnson*, 239 U. S. 414, 420. *Egan* v. *McDonald*, 246 U. S. 227, 229. *Fink* v. *County Commissioners*, 248 U. S. 399, 404.

It is admitted that if we follow the decisions of the Supreme Court of Oklahoma, both those that we have cited and others, the guardian did not have to follow the procedure prescribed for the sale of a ward's real estate. *Duff* v. *Keaton*, 33 Okla. 92. *Papoose Oil Co.* v. *Swindler*, 95 Okla. 264. See also *Jackson* v. *Gates Oil Co.*, 297 Fed. 549. *Clayton* v. *Tibbens*, 298 Fed. 18, affirming 288 Fed. 393. But it is argued here that under *Kuhn* v. *Fairmont Coal Co.*, 215 U. S. 349, this Court is not bound by the State decisions and may judge for itself, inasmuch as, whatever may be the rule of property now, *Duff* v. *Keaton* was decided after these leases were made. It would seem from the cases cited that the present rule had been followed and great interests established on the faith of it before *Duff* v. *Keaton.* But apart from that consideration no case yet has gone to the length of undertaking

to correct the construction of State laws by State courts. The exclusive authority to enact those laws carries with it final authority to say what they mean. The construction of those laws by the Supreme Court of the State is as much the act of the State, as the enactment of them by the legislature. If we thought the decisions cited far more questionable than we do, we nevertheless should bow to them as binding upon a matter of local administration and of only local concern. The counsel for the appellants presented a very thorough and well stated argument, but failed to make us doubt that the decree must be affirmed.

*Decree affirmed.*