## Lessy v. The Great Atlantic and Pacific Tea Company.

*John E. McDonough*, for plaintiff; *William C. Alexander*, for defendant.

BROOMALL, J., Oct. 18, 1929.—Defendant moves to strike off the statement of claim and dismiss the above action for the reasons that *(a)* in another suit between the same parties, as of No. 156, June Term, 1922, C. P. of this county, a non-suit was entered at the trial and defendant moved to take it off; and that *(b)* the statment of claim was not filed within one year, nor within six years after the statute of limitations began to run.

This suit is to recover one year's rent from April 30, 1922, due monthly under a written lease, while the other suit, No. 156, June Term, 1922, is between the same parties, involving the same cause of action, to wit, on the same written lease, to recover two months' rent due from April 30, 1922. The motion to take off the non-suit in the last-mentioned suit has been withdrawn by plaintiff since the argument of this motion. It was never finally disposed of by the court.

Defendant now contends that the entering of the non-suit and the motion to take it off are *res judicata*, but with this we cannot agree. Fine *v.* Soifer, 288 Pa. 164-173, clearly indicates that there must be a refusal of the motion to take off the non-suit or some final disposition thereof in order that the same shall be conclusive of the plaintiff's case. The withdrawal of the motion to take it off places the suit in the same condition it was before the motion was made.

Considering the second reason assigned, it appears that this suit was commenced by summons issued March 26, 1927, and that the statement of claim was not filed until July 15, 1929. No action of any kind was taken in the meantime. Defendant did not enter a judgment of *non pros.*, as it had a right to do under our rule, at the expiration of one year. Not having exercised this right, we hold that defendant thereby acquiesced in the delay and cannot now, for that reason, strike the statement off.

It is also averred in connection with the last reason, and it is a fact, that the statement of claim was not filed within the six years' period fixed by the statute of limitations for the commencement of actions. The suit was actually commenced within the period, and from the record it appears that service of summons was made according to law. The suit having been brought in time, under Hemphill *v.* McClimans, 24 Pa. 367, the period after issuing of

the writ and the filing of the statement of claim will not be counted. It is only necessary that the action be commenced within the statutory period. We have not been referred to any authority holding that the statement of claim must be filed within the six-year period.

And now, to wit, Oct. 18, 1929, above motion refused and defendant allowed fifteen days in which to file an affidavit of defense or judgment *sec. reg. et sec. leg.*

From William R. Toal, Media, Pa.