## ANTONCIC v. BALTIMORE & O. R. CO.
### No. 4489.

Circuit Court of Appeals, Third Circuit.

Feb. 21, 1931.

John Wirtzman and E. Louis Feldman, both of Pittsburgh, Pa., for appellant.

Wm. H. Eckert, Allen T. C. Gordon, and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, Circuit Judge (sworn in as Circuit Judge February 3, 1931).

The appellant brought suit in trespass in the court of common pleas of Allegheny county to recover damages for personal injuries alleged to have been received through the negligence of the defendant in the operation of a train upon its railroad. The suit was removed by the defendant to the District Court of the United States for the Western District of Pennsylvania. It was tried by a jury, and, at the conclusion of the plaintiff's evidence, the judge, upon motion

of the defendant, entered a judgment of compulsory nonsuit. The plaintiff moved to take off the nonsuit, argument was had before the trial judge sitting alone, and he entered judgment denying the plaintiff's motion. No appeal was taken from the refusal to take off the nonsuit.

Subsequently the plaintiff below brought another suit in the United States District Court upon the same cause of action. The defendant filed an affidavit of defense in the nature of a demurrer to the statement of claim, setting up the defense of res adjudicata based upon the record of the prior suit. Judgment was entered for the defendant, whereupon the plaintiff took this appeal. The appellant assigns error of the court below in entering judgment for the defendant and in refusing to open the judgment of nonsuit in the prior action. The second of those assignments of error is out of the case, for the reason that the appeal is from the judgment upon the demurrer and not the judgment of nonsuit in the prior action.

■ In the opinion of the trial judge, he says:

"The proper decision of the plea of res adjudicata turns on the question of the applicability of the Pennsylvania Act of March 11, 1875, P. L. 6, § 1 (West Publishing Company, Penn'a Stat. 1920, § 17307 [12 PS § 645]):

" 'Whenever the defendant, upon the trial of a cause in any Court of Common Pleas of this Commonwealth, shall offer no evidence, it shall be lawful for the judge presiding at the trial to order judgment of nonsuit to be entered, if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, with leave, nevertheless, to move the court in banc to set aside such judgment of nonsuit; and in case the said court in banc shall refuse to set aside the nonsuit, the plaintiff may remove the record by writ of error into the Supreme Court for revision and review, in like manner and with like effect as he might remove a judgment rendered against him upon a demurrer to evidence.'

"That this Pennsylvania Practice Act is one to which the Federal Courts conform under the provisions of section 914, U. S. Rev. St. (28 USCA § 724), has been decided by the Circuit Court of Appeals of this circuit; Stapleton v. Reading Co. (C. C. A.) 26 F. (2d) 242, 243; Dominion Trust Co. v. National Surety Co. (C. C. A.) 221 F. 618, 621, Ann. Cas. 1917C, 447.

"Applying then this Pennsylvania Act of March 11, 1875, to the instant case, we find under the rulings of the Supreme Court of Pennsylvania (Fine v. Soifer, 288 Pa. 164, 135 A. 742), that the refusal to remove a compulsory nonsuit is a final appealable judgment of like effect as a judgment against the plaintiff on defendant's demurrer to the evidence. If the plaintiff fails to take an appeal and secure the reversal of the judgment, he cannot thereafter institute a second suit against the defendant on the same cause of action. As the Federal Courts will follow the construction of state statutes put upon them by the Appellate Courts of the state (Atlantic & P. R. Co. v. Hopkins, 94 U. S. 11, 24 L. Ed. 48; Memphis St. Ry. Co. v. Moore, 243 U. S. 299, 37 S. Ct. 273, 61 L. Ed. 733; Jones v. Prairie Oil & Gas Co., 273 U. S. 195, 47 S. Ct. 338, 71 L. Ed. 602; Taylor Co. v. Anderson, 275 U. S. 431, 48 S. Ct. 144, 72 L. Ed. 354), we conclude that under the authority of Fine v. Soifer, supra, the plea of res adjudicata has been sustained."

We agree with the judge's reasoning and conclusions.

■ But it is contended by the appellant that, inasmuch as the trial judge sat alone upon the hearing of the motion to set aside the judgment of nonsuit, the appellant was unlawfully deprived of his right to have his motion heard and decided by the court in banc, as provided in the Pennsylvania Act of Assembly. The contention that the judges of a District Court of the United States sitting in Pennsylvania are required, in hearing applications of this nature, to sit as a court in banc, in conformity with the provision of the Pennsylvania statute, is a novel one. It is quite doubtful whether the provisions of the Conformity Act (Rev. St. § 914 [28 USCA § 724]), which by its terms applies to matters of practice, pleadings, and procedure, may be interpreted to apply to the organization of the District Court in conformity with that fixed by a state statute for a state court. We do not consider, however, that the question need be determined, for it is our view that the appellant, having taken no exception to the organization of the court, and having, without objection, proceeded upon the hearing of his motion before the trial judge sitting alone, waived any rights he may have had to object. He cannot, after acquiescing in having his motion heard by the trial judge alone, raise the question for the first time upon appeal.

Judgment affirmed.