## Messereotes v. Lord

H. *Russell Stahlman*, for plaintiff.

*August L. W. Sismondo* and *George Y. Meyer*, for defendant.

HUGHES, J., November 7, 1936.—This matter came before the court on the petition of Francis D. Lord to set aside an order permitting plaintiff to withdraw his petition to lift a compulsory nonsuit and to reinstate his motion asking to have a compulsory nonsuit lifted.

At the trial of the case a compulsory nonsuit was entered and a motion was duly filed by plaintiff to lift the nonsuit. This matter was argued before the court en banc, but before any opinion or order had been filed plaintiff asked leave to lift the then pending motion, which leave was granted upon the payment of costs by plaintiff. Viewing this as a matter of right to plaintiff, the request prayed for was granted and an order allowing the withdrawal of the motion to lift the compulsory nonsuit was made.

Defendant contends that plaintiff is not entitled to have this order granted. The Act of March 11, 1875, P. L. 6, sec. 1, provides:

"That whenever the defendant upon the trial of a cause in any court of common pleas of this commonwealth shall offer no evidence, it shall be lawful for the judge presiding at the trial to order a judgment of non-suit to be entered if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, with leave, nevertheless, to move the court *in banc* to set aside such judgment of non-suit".

In Fine v. Soifer, 288 Pa. 164, the trial judge entered a compulsory nonsuit and the court in banc overruled plaintiff's motion to remove the nonsuit, and therein the court stated:

"It is well settled that [where a nonsuit is entered and no motion is made to remove it], plaintiff can pay the costs and proceed anew, but we are of opinion that, where a nonsuit is entered and a motion to take it off is filed and proceeded with before the court in banc, and the court sustains the nonsuit as entered, either plaintiff must appeal from the judgment entered thereon, or the matter is ended so far as the particular case is concerned, and he cannot again [pursue] the same case upon the same claim . . . without first appealing, and, if the [refusal to remove the nonsuit] is reversed, [obtaining] a procedendo."

And at page 170, it is further stated:

"Though all our decisions are clear that the mere entry of a compulsory nonsuit cannot be treated as if it were a judgment on a demurrer to the evidence . . . yet the motion to set aside a nonsuit stands on a different footing, and, as said by us in Scanlon v. Suter, supra, it may be treated as a submission of the case by plaintiff to a decision 'in the nature of' a judgment rendered on a demurrer to the evidence; or, in the words used by us in Finch v. Conrade's Executor and in Hartman v. Incline Plane Co., supra, the refusal of such a motion by the court in banc is 'tantamount to a judgment for defendant on a demurrer to plaintiff's evidence.' "

Plaintiff, in filing his motion for a nonsuit, does so voluntarily, in preference to the bringing of another suit, and, when he submits the legal sufficiency of his evidence to the court in banc, the judgment is as final as if he had demurred to the evidence, and concludes the action if the decision is adverse to plaintiff. It is the judgment of the court that must be viewed as conclusive of plaintiff's case. If defendant desires to test the sufficiency of plaintiff's case on the merits, he should demur to the evidence

and thereby raise an issue on which the judgment of the court could be taken, but, if he seeks to avoid the risk of such a course and only asks for a nonsuit, when that order is granted he is not left in a situation to object to a second action on the same cause: Bliss v. P. R. T. Co., 73 Pa. Superior Ct. 173, 177. The practice of the courts is to stay proceedings in a second action for the same cause between the same parties where a nonsuit was granted until the costs of the first suit are paid: Murphy v. Taylor, 63 Pa. Superior Ct. 85, 87.

Where plaintiff pays the costs, the withdrawal of a motion to take off the nonsuit places the suit in the same condition as it was before the motion was made. There must be a refusal of the motion to take off the nonsuit or some final disposition thereof, in order that the same shall be conclusive of the plaintiff's case: Lessy v. The Great Atlantic & Pacific Tea Co., 13 D. & C. 400.

A situation somewhat similar occurred in the case of Engle et al., etc., v. Andrejonsky, 24 Berks 236, wherein a compulsory nonsuit was entered and plaintiffs at once moved to take it off. Before the matter came before the court in banc plaintiffs moved for leave to withdraw their motion to take off the compulsory nonsuit and for leave to enter a voluntary nonsuit. Here the court stated:

"The mere entry of a non-suit does not bar the right to bring a subsequent action: Fine v. Soifer, 288 Pa. 164, 170. And this is true whether the non-suit be compulsory or voluntary: Bournonville v. Goodall, 10 Pa. 133. It is the action of the court in banc in refusing to take off a non-suit that is conclusive, unless reversed upon appeal: Fine v. Soifer, supra. And this refusal to take off must be the action of the court in banc and not merely that of the trial judge: Gehringer v. Erie Rys. Co., 297 Pa. 47.

"Here we have no refusal of the motion to take off; the case has not as yet reached that stage. It would seem, therefore, under the authorities that plaintiffs have a right to withdraw their motion to take off the nonsuit and to start anew."

362

Plaintiff having done what he had a right to do in this case, we see no reason for setting aside the order as defendant requests.

And now, November 7, 1936, the motion to set aside the order of October 17, 1935, which granted plaintiff, Pete G. Messereotes, permission to lift a compulsory non-suit, is dismissed.