316

## Joyce et ux. v. Nallin

*Paul A. McGlone* and *Frank J. McDonnell*, for plaintiffs.

*Stanley F. Coar* and *David J. Reedy*, for defendant.

LEWIS, J., September 29, 1937.—We will consider this case as if a rule for judgment on the pleadings were granted. The facts are as follows: Plaintiffs commenced an action in trespass to no. 1096, March term, 1934, which action proceeded to trial before a jury. At the conclusion of the testimony of plaintiffs, a motion for a nonsuit was made by defendant's counsel, which motion was granted and a compulsory nonsuit entered. At the same time the court, following the usual custom, granted a rule to show cause why the compulsory nonsuit entered should not be removed, and made same returnable to argument court. On the morning when the argument list was called, counsel for plaintiffs stated in open court that he abandoned the rule to show cause why the compulsory nonsuit should not be removed, whereupon the Court of Common Pleas of Lackawanna County sitting in banc made the following order:

"Now, October 15, 1934, on statement in argument court by counsel for plaintiffs that he abandoned the rule to show cause why the nonsuit entered in the above-entitled case should not be removed, the rule to take off the nonsuit is discharged and the prothonotary is directed to enter judgment of nonsuit against plaintiffs of record.

"By the court."

No appeal was taken from the final judgment of nonsuit entered to no. 1096, March term, 1934. Thereafter the same plaintiffs commenced a new action against the same defendant upon the same facts as were asserted in the pleadings to no. 1096, March term, 1934. In other words, the same facts were again pleaded in the action no. 193, March term, 1935, as were contained in the action where we granted a compulsory nonsuit. Defendant filed an affidavit of defense to the action, wherein he set forth the facts as herein recited and concluded that plaintiffs were bound by the final judgment of compulsory nonsuit entered, and that therefore plaintiffs were estopped and could not recover in a second suit. When the second case came to trial before the same trial judge who granted the compulsory nonsuit, counsel for defendant called these facts to the court's attention. The court thereupon directed that the trial of the case be continued for the purpose of considering whether or not plaintiffs were estopped from proceeding in the second suit. Hence, the question before the court is whether the judgment of compulsory nonsuit entered in the first case is res adjudicata, and so bars plaintiffs from bringing the present suit.

Upon independent research, the court finds that this question was fully considered and decided in the case of Messereotes v. Lord, 28 D. & C. 359, and, notwithstanding that the same is a common pleas opinion, we have decided that we will adopt the reasoning of Judge Hughes in the said case. As reported in said opinion, there the court entered a compulsory nonsuit, and a motion was duly filed by plaintiffs to lift the nonsuit, and the said motion was argued before the court in banc, but before any opinion or order had been filed plaintiff asked leave to lift the then pending motion, which leave was granted upon payment of costs by plaintiff. We will quote the reasons assigned by Judge Hughes in the aforesaid case, at page 361:

"The mere entry of a nonsuit does not bar the right to

bring a subsequent action: Fine v. Soifer, 288 Pa. 164, 170. And this is true whether the non-suit be compulsory or voluntary: Bournonville v. Goodall, 10 Pa. 133. It is the action of the court in banc in refusing to take off a nonsuit that is conclusive, unless reversed upon appeal: Fine v. Soifer, supra. And this refusal to take off must be the action of the court in banc and not merely that of the trial judge: Gehringer v. Erie Rys. Co., 297 Pa. 47.

"Here we have no refusal of the motion to take off; the case has not as yet reached that stage. It would seem, therefore, under the authorities that plaintiffs have a right to withdraw their motion to take off the nonsuit and to start anew".

As the record does not disclose that the costs in the first proceedings have been paid, we must follow the practice set forth in the case of Murphy v. Taylor, 63 Pa. Superior Ct. 85, 87.

### Order

Now, September 29, 1937, it is ordered and directed that a stay be entered to proceedings to no. 193, March term, 1935, which is the second action for the same cause between the same parties where a nonsuit was granted, until the costs of the first suit are paid. Upon certificate being filed in the prothonotary's office that costs in the first action have been paid, the case may be reinstated upon the trial list for trial.