**E. H. CLARKE LUMBER CO. v. KURTH.**

**KURTH v. E. H. CLARKE LUMBER CO.**

No. 11048.

Circuit Court of Appeals, Ninth Circuit.

Dec. 6, 1945.

Rehearing Denied Feb. 4, 1946.

R. N. Kavanaugh, Hugh L. Biggs, David L. Davies, and R. R. Morris, all of Portland, Or. (Hart, Spencer, McCulloch & Rockwood and Hampson, Koerner, Young & Swett, all of Portland, Or., of counsel), for appellant E. H. Clarke Lumber Co.

Carl D. Etling and Bruce Cameron, both of Portland, Or., for appellant P. N. Kurth.

William S. Tyson, Acting Sol., Wage & Hour Div., Bessie Margolin, Asst. Sol., and David Lichtenstein, Atty., all of Washington, D. C., and Dorothy M. Williams, Regional Atty., Wage & Hour Div., of San Francisco, Cal., for Administrator of Wage and Hour Division, U. S. Dept. of Labor, as amicus curiae.

Before DENMAN, BONE, and ORR, Circuit Judges.

PER CURIAM.

The E. H. Clarke Lumber Company appeals from a decision of the district court awarding P. N. Kurth overtime wages, liquidated damages and attorney's fees under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Kurth cross-appeals from the judgment's award of attorney's fees, claiming they were not adequate for the services rendered.

The Clarke Lumber Company's Appeal.

■ The lumber company claims that the following statute of the State of Oregon is a valid limitation upon the time within which suits under the Fair Labor Standards Act may be commenced:

"Section 1. Recovery for overtime or premium pay accrued or accruing, including penalties thereunder, required or authorized by any statute shall be limited to such pay or penalties for work performed within six months immediately preceding the institution of any action or suit in any court for the recovery thereof; provided, that an action may be maintained within a period of 90 days after the effective date of this act on claims heretofore accrued.

"Section 2. Any law in conflict herewith to that extent is repealed hereby."

Chap. 265, Session Laws of Oregon, 1943. Its brief states "It is admitted that, if the statute does not prevent recovery by Appellee, he is entitled to recover judgment in the amount of $427.38."

Our attention has been called to the decision of the supreme court of Oregon holding the statute invalid. Fullerton v. Lamm, 163 P.2d 941. That ably considered opinion concerning the Oregon statute of limitations correctly states the law controlling the district court's decision. Cf. Jones v. Prarie Oil Co., 273 U.S. 195, 199, 47 S.Ct. 338, 71 L.Ed. 602.

We affirm the judgment of the district court insofar as it awarded recovery for overtime wages and liquidated damages.

Kurth's Appeal.

■ Kurth states that there was no summary to the court below of the services for which the attorney's fees were claimed and that the question was "left to the discretion of the trial court." We cannot find that there was an abuse of that discretion. The judgment as awarding the attorney's fees in the district court is affirmed.

■ Concerning the fees to be awarded successful counsel in this court we consider the character of the presentation by Kurth's counsel, the importance of the question to all Oregon employees to whom the Fair Labor Standards Act may become a subject of litigation—emphasized by the five groups of attorneys appearing for the lumber company,—and the fact that Kurth's counsel was required to leave his offices in Portland, Oregon, travel to San Francisco, California, present his case at the latter place and return to his offices.

■ We award Kurth the sum of five hundred dollars for the services rendered him by his attorney upon the appeal in this court.

The judgment is affirmed as to both appeals.

Upon Petition for Rehearing.

PER CURIAM.

The petition for rehearing is denied. Cf. Fullerton v. Lamm, Or., 165 P.2d 63, decision of the Supreme Court of the State of Oregon denying the petition for rehearing.